# WHEELING.

## Evans v. Taylor.

Submitted June 4, 1886.—Decided July 2, 1886.

1. An appeal from the judgment of a justice or other inferior tribunal, which has the effect in law of transferring the controversy to the Appellate Court for trial *de novo*, operates in legal construction to vacate such judgment and renders it ineffectual as the foundation of an action.    (p. 188.)

2. A. sues B. before a justice in this State, and a final judgment is rendered by such justice for the defendant; while said judgment remains in full force, A. assigns the claim, on which said action was brought, to C., who sues B. on it before a justice in the State of Ohio and obtains a judgment thereon; C. then assigns said Ohio judgment to E., who institutes an action on the same in this State

before the justice who rendered the said first mentioned judgment for the defendant.   HELD :

A court of equity has no jurisdiction to enjoin the prosecution of said last mentioned action, because by the statutes of the State of Ohio the defendant in said Ohio judgment had a plain and adequate legal defence both before the justice, who tried the action, and by appeal as of right to the court of common pleas, where the case would be tried *de novo*.   (p. 188.)

3. The simple fact that a party or his assignee sues on a false claim or one, which he knows had been previously adjudged invalid by a competent court, is not such a fraud upon the rights of the party thus sued, as entitles him to enjoin the prosecution of an action on such claim in a court of equity.   (p. 187.)

*Frame & Holt* for appellant.

*Dovener & Elson* for appellee.

SNYDER, JUDGE:

On May 21, 1885, Richard Evans exhibited his bill in the circuit court of Ohio county against G. F. Taylor and others and obtained an order of injunction as prayed for in said bill. The defendant Taylor, pursuant to written notice, submitted his motion, on June 27, 1885, to one of the judges of said court in vacation to dissolve said injunction for the want of equity in the bill. The judge entered an order overruling said motion. Subsequently the said defendant filed his demurrer and separate answer to the bill, and on July 11, 1885, again moved the said judge in vacation to dissolve the injunction, which motion was also overruled. Thereupon said Taylor obtained an appeal to this Court assigning as grounds therefor that the said orders overruling his motions to disolve the injunction were erroneous.

In my view of the case the bill is insufficient in itself to warrant or sustain the injunction, and therefore it is unnecessary to notice or consider the answer and other matters contained in the record.

The substantive allegations of the bill are in effect as follows: In February, 1885, Theodore Kober, as assignee of Thomas Craig, instituted a civil action before D. Z. Phillips, a justice of Ohio county, West Virginia, against the plaintiff, Richard Evans, a resident of Belmont county, in the State of Ohio, in which action an attachment was issued and served

upon the Standard Iron Company, as garnishee. On May 5, 1886, said action was tried before said justice by a jury, and a verdict found and judgment entered therein for the defendant. From said judgment the plaintiff took an appeal to the circuit court of Ohio county, which appeal was afterwards, on May 16, 1885, dismissed by said court, as having been improperly taken. The said action was founded on certain book accounts of said Craig against the plaintiff Evans, which had been assigned by Craig to said Kober. After the judgment had been rendered, and before the appeal had been dismissed as aforesaid, the said Kober re-transferred and assigned said accounts to Craig, and thereupon the latter, on May 2, 1885, brought an action thereon in his name, against the plaintiff, Evans, before M. C. Mitchell, a justice of Belmont county, in the State of Ohio. The parties appeared before said justice on May 11, 1885, a trial was then had, and judgment rendered by the justice in favor of said Craig against Evans for $152.00. On the following day Craig assigned said judgment to the appellant, Taylor, who on the same day commenced an action thereon against Evans before D. Z. Phillips, the justice of Ohio county before whom the first action above mentioned had been brought, and sued out an attachment and served the same on the Standard Iron Company, as garnishee. The justice set this latter action for trial on May 20, 1885. After the judgment had been rendered in favor of the said Craig by M. C. Mitchell, justice of Belmont county, in the State of Ohio as aforesaid, the plaintiff, Evans, moved said justice to set aside the same, which motion being overruled, the said Evans gave notice of an appeal from said judgment to the court of common pleas of Belmont county, Ohio, and the bill avers that said cause was standing upon said appeal at the time the injunction was obtained in this cause. The prayer is that the defendants, Taylor, Kober, the said justice D. Z. Phillips, and all others may be enjoined from prosecuting said last mentioned action on said judgment recovered in Belmont county, Ohio, and from in any manner enforcing said judgment against the plaintiff Evans,&c.

The bill contains various allegations of deceit, collusion and fraud between the appellant, Taylor, and the defendants, Craig and Kober, for the purpose of injurying and

defrauding the defendant, Evans, which I do not deem it necessary to refer to or state in detail, because in the view I take of the case, it may be assumed that Craig was the beneficial owner of the accounts sought to be recovered from the defendant, Evans, during the whole of the proceedings, and that said actions were each and all commenced and prosecuted at his instance and for his benefit. Assuming then that the claim asserted in each of said actions was the same alleged debt and regarding them as though each of said actions had been commenced and prosecuted in the name of and for the benefit of the said Thomas Craig, the original owner of the claim, would that give a court of equity jurisdiction to arrest the proceedings under the circumstances alleged in the plaintiff's bill ?

The syllabus in *Haden* v. *Garden,* 7 Leigh 157, is: "Though courts of equity and courts of law have a concurrent jurisdiction in cases of fraud, yet if a suit be first brought in a court of law, in which the question of fraud may be tried and determined, the party injured by fraud must make his defence there; and if he neglect to do so, the court of equity has no jurisdiction to relieve him."

This decision is in entire harmony with the well settled rule, that a court of equity will not relieve a party on a bill, which shows that he has a complete and adequate remedy at law, or in a case in which it appears that he had a good legal defence, which he neglected or failed to make at law. To entitle a defendant to relief in equity, it devolves upon him to show by the averments of his bill, not only that he has a valid claim or defence, but also that it is such that he can not avail himself of it fully at law, or if it is a legal defence, that he was prevented from making it at law by fraud, accident or some adventitious cause unmixed with laches or neglect on his part. (*Shields* v. *McClung,* 6 W. Va. 79 ; *Meem* v. *Rucker,* 10 Gratt. 506).

In the cause at bar, the plaintiff's bill not only shows that he had a good legal defence at law to the claim asserted against him, but that such defence may still be made available by him at law. The action, which he seeks to enjoin in this suit, he alleges, is founded upon the judgment of a justice of the State of Ohio, which has been appealed from

and stands upon an appeal in the court of common pleas of Belmont county in said State. According to the laws of the State of Ohio the effect of an appeal from the judgment of a justice is to stay all further proceedings on the judgment before the justice. No execution can be issued on the judgment, and the whole case is transferred to the court of common pleas, where it is to be tried *de novo* and in the same manner as though the action had been originally instituted in that court. (2 Rev. Stat. Ohio §§ 6585, 6587).

In such case, where the effect of the appeal is to transfer the action to an Appellate Court in which the case is to be tried *de novo*, and the controversy is to be settled by a judgment in such court regardless of the judgment appealed from, the appeal operates not only to suspend the judgment of the justice or inferior tribunal, but vacates and sets it aside, so that it can not be used as evidence or as the foundation of an action in any court. An appeal in such case is very different in its effect from a proceeding, which seeks to review a judgment by writ of error. In the latter case the judgment is merely suspended, but in the former the judgment is vacated and made ineffectual for any purpose, the judgment in legal construction no longer remains in force and can not be the foundation of a new action. (*Campbell* v. *Howard*, 5 Mass. 376; *Paine* v. *Cowdin*, 17 Pick. 142; Freem. on Judgments, §§ 328, 433).

The appeal from the Ohio judgment made that judgment ineffectual as a foundation for the action in this State, which the plaintiff by his bill seeks to enjoin, and therefore his bill shows, that he had a valid defence to said action at law. It further shows that he still has such defence. For, if the facts are as alleged in his bill, all the plaintiff, Evans, has to do to defeat said action is to establish by proper evidence before D. Z. Phillips, the justice before whom the action is pending, that the Ohio judgment, on which Taylor founds his right to recover, has been vacated by an appeal taken therefrom to the court of common pleas. This will destroy the foundation of Taylor's action, and furnish a full and complete legal defence to it.

If, however, no appeal had been taken from the Ohio judgment, and the plaintiff, Evans, has a valid defence to the

claims, on which said judgment was recovered, he would still not be entitled to relief in equity, because by the statutes of the State of Ohio he could have taken such an appeal as a matter of right, which would have given him an adequate legal remedy, and if he, by his negligence, failed to avail himself of such remedy, he is for that reason without remedy in a court of equity.

It is a moral wrong, and in some cases a fraud, for any person to resort to the courts to enforce the payment of an unfounded or unjust claim, but it is not such a wrong or fraud that a court of equity will enjoin. In nearly all contested claims the defendant disputes the justice of the plaintiff's demand. If, therefore, a court of equity could be called upon to interfere, and restrain the plaintiff from prosecuting his claim in a court of law, because in the estimation of the defendant such claim was unjust and unfounded, very few cases at law could escape such interference. It is no greater wrong or fraud for a party to sue on a claim that had been adjudged invalid in a previous suit, than it would be for a plaintiff to sue on a claim, which he knew was unjust, or which he knew could be successfully defended. Yet no one ever supposed that the remedy for the defendant in such case was in a court of equity, however fraudulent the defendant might regard the claim and conduct of the plaintiff. In such case the defence must be made in the law court, and the infliction of costs on the plaintiff by such court is generally regarded as sufficient punishment for his false clamor.

The existence of the plea of *res judicata* is, of itself, evidence that the law contemplates as well as tolerates an action on an adjudicated claim, for otherwise such plea could have no place in law. It, therefore, seems to me, that if Craig instead of Taylor were the plaintiff in the action sought to be enjoined in this suit and all the averments of the plaintiff's bill were true as stated by him, the remedy of the plaintiff, would be full and complete at law, and that the wrong and fraud complained of would not be such as would entitle the defendant in such action to relief in equity. I am, therefore, of opinion that the orders of the judge of the circuit court, entered June 27, and July 11, 1885, are erroneous, that said

orders must be reversed and an order entered by this Court dissolving the plaintiff's injunction.

REVERSED.