# CHARLESTON.

WATSON *v.* HURRY *et al.*

Submitted February 2, 1900—Decided April 7, 1900.

1. APPEAL—FROM JUSTICE—*Appellee.*
   Where a party appeals to the circuit court from a judgment rendered against him by a justice, he cannot, on his own motion, have his appeal dismissed, and the judgment of. the justice affirmed, over the objection of the appellee.   (p. 811).

Error to Circuit Court, Barbour County.

Action by J. Creed Watson against J. H. Hurry and others.   Judgment for defendants and plaintiff brings error.

*Reversed.*

SAMUEL V. WOODS, for plaintiff in error.

W. T. ICE and W. B. KITTLE, for defendants in erorr.

ENGLISH, JUDGE:

On the 15th day of May, 1897, J. C. Watson brought a civil action for the recovery of money against W. E. Watson and J. H. Hurry, demanding judgment for two hundred dollars.   On July 19, 1897, a trial was had, and judgment rendered in favor of J. C. Watson for forty dollars and costs.   On June 29, 1897, the defendant, Hurry, appealed from the judgment of said justice to the circuit court of Barbour County; and on June 1, 1899, the appellant, J. H. Hurry, by his attorney, moved the court to dismiss his appeal and confirm the judgment of the justice, which motion was resisted by the plaintiff, J. C. Watson; and said motion was sustained, and the appeal dismissed, and it was further considered by the court that the judgment of the justice be confirmed, and that the plaintiff recover from the said J. H. Hurry, S. A. More, and C. J. Teter, who signed the appeal bond, the sum of forty-

three dollars and forty cents, being the amount of said judgment and costs, with damages thereon at the rate of ten per cent. per annum from June 20, 1897, the date of said appeal, until paid, and the costs of the suit in the circuit court expended, to which action and ruling of the court said J. C. Watson excepted, and obtained this writ of error.

It is claimed by the plaintiff in error that the circuit court erred in allowing appellant to dismiss his appeal over his objection; also, that it was error to affirm in the circuit court the judgment of the justice, without a new trial, against the objection of the plainiff in error, for the reason that the appeal vacated the judgment of the justice, and entitled the appellee to a trial upon the appeal *de novo* Did the court err in allowing the appellant, Hurry, to dismiss his appeal, and then by proceeding to confirm the judgment of the justice, with interest and costs? As the case stood upon the docket of the justice, the plaintiff, Watson, had a judgment against Hurry for forty dollars and costs. Not being satisfied with that, Hurry appealed to the circuit court, which had the effect of not only entitling him to a trial *de novo*, but of vacating the judgment. See Freem. Judgm. p. 598, § 328; also, *Evans* v. *Taylor*, 28 W. Va. 188, in which SNYDER, JUDGE, delivering the opinion of the Court, said: "In such case, where the effect of the appeal is to transfer the action to an appellate court, in which the cause is to be tried *de novo*, and the controversy is to be settled by a judgment in such court, regardless of the judgment appealed from, the appeal operates, not only to suspend the judgment of the justice or inferior tribunal, but vacates it and sets it aside, so that it cannot be used as evidence or as the foundation of an action in any court." Such being the case, it is at once perceived what injustice and wrong would be inflicted upon the plaintiff in error if the action of the court below were affirmed. The defendant in error by his appeal deprives the plaintiff in error of any benefit of his judgment from its date, June 19, 1897, until June 1, 1899, and then, not willing to incur the risk of a new trial, dismisses his case, and asks the court to confirm the judgment of the justice, when the statute expressly says that, if either party require it, a jury shall

be selected and impaneled to try the cause, and that all lawful evidence produced in relation to the matter in difference shall be heard, whether such evidence was produced before the justice or not, and the cause shall be 'determined, without reference to the judgment of the justice, on the principles of law and equity. So, that, when a case is brought into a circuit court on appeal from a judgment of a justice, the right to a trial *de novo* is not confined to the appellant alone, but both parties have the right to have the case heard and determined without reference to the judgment of the justice; and the appellant, having brought the case to the circuit court, cannot ask that court to affirm the judgment of the justice, and thereby avoid the risk and consequences of a new trial, which his action has entitled the appellee to have, either before the court or a jury. For these reasons, the judgment complained of is reversed, and the case remanded.

*Reversed.*