# REPORTS OF DECISIONS

. OF THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

## CHARLESTON.

McCormick *v.* Short.

Decided January 19, 1901.

1. APPEAL FROM JUSTICE—*When Granted.*

If a plaintiff in an action before a justice agrees with the defendant to dismiss it or abandon it, but afterwards, without the knowledge of the defendant, obtains judgment against the defendant, the defendant first discovering such judgment after ten days from its date, this constitutes good cause for obtaining an appeal from a circuit court within ninety days after the judgment. (p. 4).

2. PETITION FOR APPEAL—*Evidence.*

If a petition for an appeal from the judgment of a justice states facts showing good cause for not having taken an appeal within ten days, and is verified by affidavit, and an appeal is granted, that appeal cannot be dismissed as improvidently granted merely because proof of such cause for not taking the appeal sooner is not made by affidavit or other proof independent of the petition and separate from it. (p. 4).

3. UNLAWFUL DETAINER—*Judgment—Appeal—Dismissal.*

    Where judgment is recovered by a plaintiff in an action of unlawful detainer before a justice, and under it a writ of possession issues, and the defendant is turned out of possession, and then an appeal is granted, and then, before trial of the case, the plaintiff moves the dismissal of his action, and declares that he will not further prosecute it, the court, if asked, should award a writ of possession to restore possession of the land to the defendant, and it is not error to refuse such dismissal except on condition of the plaintiff making such restitution. The dismissal may be entered later. (pp. 5, 6).

Error to Circuit Court, McDowell County.

Action by Henry McCormick against Isaiah Short. Judgment for plaintiff before a justice, and from an order of the circuit court on appeal plaintiff brings error.

*Affirmed.*

RUCKER & KELLER and D. F. J. STROTHER, for plaintiff in error.

W. L. TAYLOR, T. L. HEMITZE and BROWN, JACKSON & KNIGHT, for defendant in error.

BRANNON, JUDGE:

Henry McCormick instituted an action of unlawful detainer against Isaiah Short before a justice of McDowell County to recover possession of a tract of two thousand nine hundred and seven acres of land, which resulted in a judgment for the plaintiff, the defendant not appearing. Upon this judgment the justice issued a writ of possession, under which Short was turned out of possession and McCormick placed in possession. After this Short obtained from the judge of the circuit court an appeal. McCormick moved to dismiss this appeal, but the court refused to dismiss it. Later, McCormick announced his purpose not to prosecute his action further, and asked the circuit court to dismiss it. Short met this motion by himself moving the court to award a rule against McCormick to show cause why he, Short, should not be restored to the possession of the land before McCormick should be allowed to dismiss his action, and the court ordered that the cause be retained on the docket until such time as McCormick should put Short in the same condition with reference to the possession of the land as he was in at the

date of the institution of the action before the justice. Later, Short served a notice on McCormick that he would move the court to award a writ of restitution to restore Short to the possession of the land on the ground that the judgment of the justice had been annulled by the said appeal. When this notice was docketed in the circuit court McCormick moved the court to quash it, and renewed his motion to dismiss his action; but the court overruled the motion to quash the notice, and refused to allow McCormick to dismiss his suit, except upon condition that Short be put in possession of the land. Short then moved the court to award him a writ requiring McCormick to restore to him possession of the land, "which motion the court for the present overruled, but put the plaintiff upon terms, either to try the case or put the defendant in possession of said real estate. And the plaintiff declining either to try the case or to restore to the defendant the possession of said real estate, it is ordered that a writ of possession be awarded to the defendant directed to the sheriff of McDowell County requiring him to restore to the defendant the real estate herein, and to place him in the position as to the possession of said property, as near as may be, as he was at the institution of this suit." From this action of the court McCormick obtained this writ of error.

McCormick says that the circuit court erred in its refusal to dismiss the appeal. The first point made by counsel for this position is based on the claim that no good cause was shown for the appeal, or if there was good cause, it was not shown in the proper way, according to the requirement of *Hubbard* v. *Yocum,* 30 W. Va. 740. Short filed before the judge, after ten days and within ninety days after the judgment, his petition verified by the affidavit of Philip Lambert, attorney for Short, which petition states that Short and Lambert, as his attorney, appeared at the justice's office on the return day of the summons in the action of unlawful detainer before the justice, and waited long after the one hour allowed by law for the appearance of the parties, and that some time after the expiration of the hour Lambert approached J. R. Auville, the agent of McCormick, and engaged in conversation with him as to what could be done in the absence of both the justice and the papers in the case, and that Auville and Lambert agreed that the cause should not stand continued for one week, but that it should stand dismissed, and that if Auville, as agent for McCormick, should do anything

further to recover possession of the land, it would be by a new proceeding. The petition also stated that Auville was present at the place of the return of the summons, and that neither the justice nor the summons was there, and that Auville was the agent of McCormick in the proceeding, and that he had authority to represent and did represent McCormick therein. The petition further stated that Short relied upon the assurance given by Auville to Lambert, Short's attorney, which assurance was communicated to Short by Lambert; and that notwithstanding such assurance, McCormick acting through his agent, Auville, appeared before the justice and took the said judgment against Short, and that he had no knowledge of such proceeding or judgment until more than ten days after its rendition, and not until the writ of possession had been issued upon said judgment. It is very clear that those facts constitute good cause or excuse for not having taken the appeal within ten days because it shows surprise upon Short; indeed it shows that the judgment was procured by deceit and fraud in violation of the agreement that the case would not be tried, but should stand as abandoned or dismissed by the plaintiff. Who would question that for such cause a new trial would be granted by a court of common law before judgment, or by a court of equity after judgment? This being so, an appeal will, on the very same principles governing application for a new trial at law or in equity, be granted. *Holland* v. *Trotter,* 22 Grat. 142; *Hubbard* v. *Yocum,* 30 W. Va. 740; *Morris* v. *Peyton,* 29 *Id.* 213.

But it seems to be claimed that even if the excuse for not taking the appeal within ten days is good, that excuse was not shown in the proper way under *Hubbard* v. *Yocum, supra,* holding that the applicant for an appeal "must file his application in writing and the proof with it, which proofs must all be in writing, including his own or the affidavits of others." In that case this rule was laid down by Judge Green for guidance as a rule of procedure. He proposed the question whether, under the statute for granting appeals after ten days, the proofs to sustain the application must be written, or might be oral, and he very properly decided that as the application was *ex parte,* in the absence of the other side, the proofs must be written, so that the other side could obtain the dismissal of the appeal if such proof was inadequate. Judge Green did not mean to say that if the petition for an appeal stated sufficient facts to warrant an ap-

peal, and was verified by affidavit, that such petition would not answer, but that the facts for the appeal must be shown by other written evidence outside the petition. He did not mean to say that there must be a petition, and in addition separate written proofs. Under that case so there be facts presented in writing and verified by oath sufficient in law to warrant an appeal, it is all that is required. Indeed, the better course is to incorporate the facts in the petition. Some times it may be advisable to have independent affidavits; that is dependant upon the case. In this case the petition states the facts relied upon to excuse the failure of Short to take an appeal within ten days, and these facts being stated in writing, the proceeding complies with the rule of *Hubbard* v. *Yocum,* as I see it.

It is further suggested that a defect in Short's application for an appeal exists in a want of diligence on the part of Short and his attorney, Lambert, in not being watchful to go before the justice and see that the agreement between Auville and Lambert for the dismissal of the case before the justice was carrid out, instead of trusting to Auville to dismiss or not prosecute the action. Short and his counsel had right to rely upon the agreement that the suit was to be abandoned. That agreement dispensed with any further diligence on the part of Short or his counsel. They had a right to go to sleep upon the faith of that agreement; McCormick is estopped by that agreement from pleading any such want of diligence on the part of Short or his counsel.

The next assignment of error made by McCormick is the action of the court in denying permission of the plaintiff to dismiss his case after appeal granted. Really, there was no denial, absolute and final, of such dismissal, but the court only put McCormick upon terms of restoring possession. The court only retained the case until there should be restitution of possession done by McCormick, or effected by a writ of possession. In other words, the question before this Court is, not whether the court erred in refusing a dismissal, but whether it erred in awarding a writ of possession to give back to Short the possession of which he was deprived by the writ of possession issued by the justice. Nobody can question the right of a plaintiff to dismiss his suit, as a general rule; but that is not the exact question here. The true question is, whether McCormick, after he had obtained judgment before the justice, and under it ousted

Short from possession, and then Short had taken the appeal, McCormick 'could come into court and dismiss his action, and yet retain the possession of the land. He obtained that possession by means of his judgment. The appeal vacated that judgment and re-opened the case for a new trial. *Evans* v. *Taylor,* 28 W. Va. 188; *Watson* v. *Hurry,* 47 W. Va. 809, (35 S. E. 830), What right had McCormick to retain possession? None but that judgment. That judgment was vacated, reversed, just as effectually as is a judgment of a circuit court when reversed by this Court, or just as effectually as if the appeal had been tried and the judgment of the justice reversed as its result. It is utterly contrary to justice that McCormick should, by means of that judgment, get possession of the land, dismiss his action, and thus refuse Short the means of a new trial, to which he had right under his appeal, and by which he might regain possession, and let McCormick still hold on to the possession. Unless the law justifies this injustice, it ought not to be tolerated. The law does not justify it. You cannot drive Short to an independent action to regain possession of the land; but the law warrants the restoration of possession by a process issued in the very same case under which McCormick took the possession from Short. There is abundant law for this proposition. The case of *Brown* v. *Cunningham,* 23 W. Va. 109, holds that if in ejectment the plaintiff gets possession of the land by means of a writ of possession issued therein, and the judgment is reversed by the court of appeals, that court will award a writ of possession to give back possession of the land to the party ousted by a writ issued under the reversed judgment. I understand this to be very old law. It is nothing in the world but what is called restitution of possession taken under a legal proceeding when the judgment is reversed, giving back to the party what he lost by the reversed judgment. As I have already stated, that justice's judgment was utterly vacated by the appeal, and when McCormick refused to test his right to that possession by trying the case again under the appeal, Short had a right to be put back into possession by an order in the case in which he lost possession. If it was lawful in that case to give McCormick possession, it must inevitably follow that it is lawful to restore Short's possession, as the judgment was set aside and McCormick refused to go on further with his case. The law is that a party obtaining through a judgment before its reversal any advantage or benefit, must restore what

he got to the other party after reversal. 18 Ency. Pl. & Prac. 871; *Fleming* v. *Riddick,* 5 Grat. "The receipt of money under a decree in good faith will not, on the reversal of the decree, destroy the right of restitution." *Kirk* v. *Allender,* 42 W. Va. 420. If, instead of dismissing the action, it had gone on to trial and resulted in favor of Short, would anybody question his right to restitution? What is the difference when he abandons the action and frustrates the recovery of judgment by Short? The dismissal of an action after reversal will not prevent the other party from having restitution of property taken from him under a judgment afterwards reversed. 18 Ency. Pl. & Prac. 872. The case of *Watson* v. *Hurry,* 47 W. Va. 809, (35 S. E. 830), asserts principles in accord with these doctrines in holding that where a party appeals from the judgment of a justice, he cannot dismiss his appeal and have the judgment of the justice against him affirmed over the objection of the other party. That is to say, the other party has some rights in the case, a right to have a trial to get back his property, and if his adversary will not accord that trial, but abandons his case, he must give back what he obtained by the judgment. Therefore, we affirm the judgment of the circuit court, reserving the right to McCormick to dismiss his action. The court should dismiss it on his former motion.

*Affirmed.*