# CHARLESTON.

Ben Hurvitz v. E. H. Lopinsky and Mary Lopinsky.

Submitted October 10, 1922.   Decided October 17, 1922.

1.  Injunction—*Trial at Law Not Enjoined Where Defendant Can Plead an Adequate Defense.*

    Where the defendant in an action at law has a complete and adequate defense thereto, which can be properly pleaded and proved in that forum, he will not be granted an injunction by a court of equity to prevent the trial at law.   (p. 25).

2   Same—*Plaintiff in Assumpsit Will Not be Enjoined by Defendants Surviving Partner From Bringing Action on Grounds Cognizable at Law.*

    Where a surviving partner is sued as such in an action of assumpsit on a note and account, the plaintiff will not be enjoined, at the instance of defendant, from prosecuting the action, on the grounds, (1) that the partnership does not owe the debt; (2) that the debt, if not spurious, may be owing by another firm and not the one sued; (3) that plaintiff's claim is barred by his agreement under seal; (4) that the deceased partner was induced to sign the firm's name to the note by reason of plaintiff's fraud; and (5) that the devisee of the deceased partner should contribute her proper share of the debt, if it be successfully asserted; all of such grounds, except the last, (5), being defenses cognizable in the law courts; and the last, (5), not being ground for staying the trial at law. (p. 25).

Appeal from Circuit Court, Fayette County.

Suit by Ben Hurvitz against E. H. Lopinsky and another to restrain defendants from prosecuting an action of assumpsit against plaintiff.   From a decree dismissing the bill plaintiff appeals.

*Affirmed.*

*Dillon & Nuckolls,* for appellant.
*Taylor & Taylor,* and *Osenton & Horan,* for appellees.

Lively, Judge:

By decree of October 15, 1921, the plaintiff's bill was dismissed for want of equity jurisdiction, and plaintiff appealed.

The bill prayed for an injunction to restrain Eugene H. Lopinsky from prosecuting an action of assumpsit against plaintiff as surviving partner of himself and J. M. Lopinsky, instituted on a note of $3,000.00 dated June 4, 1913, and due four months after date, made payable to Eugene H. Lopinsky and signed by Hurvitz & Lopinsky; and on an open account of $1,500.00 for services rendered by plaintiff to Hurvitz & Lopinsky, from January 1, 1913, to July 1, 1914.

The action of assumpsit was instituted in March, 1917, and at August rules, 1917, the bill in this case was filed. Although a preliminary injunction was sought, none was issued; but no further proceedings have been had in the action of assumpsit. At the February, 1918, term of court the defendant demurred to and answered the bill. The parties then went to proof, and voluminous depositions were taken, and the cause submitted. After some delay the judge, at an adjourned term held on the 9th of February, 1921, came to the conclusion to dismiss the bill, and so notified opposing counsel by letter, stating his reasons for the conclusion at which he had arrived. No decree was then entered, because of the absence of counsel for defendant. Immediately after the adjourned term plaintiff's counsel prepared an amended bill, copy of which was promptly forwarded to counsel for defendant. At the July term, 1921, the amended bill was tendered in open court and permitted to be filed, the court then being of opinion that the issues of fact involved could be tried by an issue out of chancery, indicating his purpose to direct such issue; at the September term, 1921, the court, upon further consideration, refused to permit the amended bill to be filed, in effect striking it from the record, and entered a *nunc pro tunc* decree dismissing the cause as of the adjourned term held in February, 1921.

From the allegations of the bill it appears that Ben Hurvitz, the plaintiff, and J. M. Lopinsky, deceased, were, prior to the year 1914, partners conducting a mercantile business at Mount Hope in the county of Fayette, and other partnership interests in the near vicinity. About the year 1909 they purchased a stock of merchandise and a retail liquor busi-

ness at Welch in McDowell county, and formed a partnership in which E. H. Lopinsky was a partner, the latter having charge of the mercantile business. Although the latter put no money into the partnership he was an equal partner, and the bill charges that he was to have no salary; he was to be reimbursed for his .services by his one-third interest in the business. It may be well to say here that the litigation arises over this question 'of salary; E. H. Lopinsky claiming that he was to receive a salary of $125.00 per month in addition to his one-third interest in the partnership, for which salary he afterwards received in .part payment the note executed by Hurvitz & Lopinsky, sued on in the action of assumpsit; the open account being for the remainder of salary. The two partnerships were successfully conducted and accumulated considerable profits. In January, 1914, J. M. Lopinsky, a partner in each of the partnerships, died, and the partnerships were automatically dissolved by his death. In the spring and summer of 1914 a comprehensive audit was made of the affairs of each partnership and the assets and liabilities ascertained. The will of J. M. Lopinsky gave all of his estate to his widow, Mary Lopinsky. In July, 1914, Ben Hurvitz, Mary Lopinsky and Eugene H. Lopinsky entered into an agreement by which the two last named took over the assets and assumed the liabilities of the firm of Hurvitz, Lopinsky & Brother in McDowell county, Mary Lopinsky paying Ben Hurvitz for his interest therein by transferring to him all her interests in the firm of Hurvitz & Lopinsky, formerly operating in Fayette county, in which latter concern Ben Hurvitz agreed to assume all of the liabilities. A statement of the assets and liabilities as ascertained by the audit of each of the parnerships is set out at length in the agreement. The claim of E. H. Lopinsky for salary did not appear in either of these audits. The one-third interest of Ben Hurvitz in the McDowell county partnership exceeded the one-half interest of Mary Lopinsky in the Fayette county partnership by $251.59, which was closed up by a negotiable note signed by E. H. Lopinsky payable to Ben Hurvitz.

It is charged in the bill that the plaintiff, Hurvitz, at the

time he closed up these two partnerships in July, 1914, had no knowledge of the claim for salary sued on in the action of assumpsit, nor did he know of it until a short time before the institution of the .suit at law; that it was the distinct understanding that no salary was to be charged by any partner in either of the partnerships; and he charges the E. H. Lopinsky fraudulently induced his brother, J. M. Lopinsky, to execute the note for $3,000.00, and fraudulently concealed the note, never having presented it to the bank for payment for the purpose of inducing the plaintiff to enter into the contract of July, 1914, and that if he had known of the existence of such note, or the claim of $1,500.00, open account, he would not have entered into that agreement. He charges that the note and account are spurious and fraudulent and do not constitute a claim against either of the partnerships or any member connected therewith; and charges that the plaintiff in the law suit is estopped by his fraudulent conduct and concealment of his claim from having a recovery thereon in the court of law or in any other court.

The answer denies the allegation of fraud and concealment, avers that Hervitz well knew of the existence and justness of his claim, that while it did not appear on the books of the McDowell county partnership, it was kept off of them at the request of Hurvitz and J. M. Lopinsky, and that they had agreed to pay two-thirds of his salary themselves, and that his claim was justly due from them under their agreement; that the $4,500.00 sued on was two-thirds of the amount of his salary which they had agreed to pay.

It will be observed that the issues raised by the bill and answer, and to which the depositions are addressed, are: (1) whether E. H. Lopinsky, plaintiff in the law suit, had an agreement for the payment of salary; (2) whether the note and account sued on should be recovered from the firm of Hurvitz & Lopinsky, the services having been rendered to the firm of Hurvitz, Lopinsky & Brother; (3) whether E. H. Lopinsky is estopped from now asserting his claim for salary, having failed to present the same and have it allowed

or disallowed in the settlement of the partnerships, especially after signing the contract of July, 1914, and executing his note for $251.59.

It will be observed that the circuit court did not pass upon any of the issues raised by the bill and answer. He did not lose sight of the fact that the bill was for the purpose of enjoining the suit at law. He came to the conclusion that all of these defenses set up in the bill to prevent the assertion of these claims were defenses which could have been interposed in the suit at law, and therefore that a court of equity would not interpose by injunction, and dismissed the bill. We cannot, on this appeal, decide whether the claim of E. H. Lopinsky is just and should or should not be paid by Hurvitz & Lopinsky, and thus pass upon the issues which were raised by the bill and answer, and not considered by the lower court. The only question presented to this court by this appeal is whether the court erred in dismissing the bill and refusing to award the injunction.

Does Hurvitz, the plaintiff in this injunction suit, have a plain, adequate and complete remedy at law? Can the defenses to the claim for salary set up in his bill be fully and adequately asserted in the action of assumpsit? It seems that the demurrer had not been passed upon in terms. The decision in effect sustains the demurrer. Where the defendant in an action at law has a complete and adequate defense thereto, which can be properly pleaded and proved in that forum, he will not be granted an injunction by a court of equity to prevent the trial at law. This proposition is so well established that it needs no citation of authorities. It is well established that equity will not restrain a legal action where the controversy can be decided on legal grounds, equally available at law, unless the party invoking the aid of equity can show some special equitable ground of relief, and the special ground must necessarily be something connected with the mode of trying and deciding the case at law, and not with the cause of action or the defenses themselves. 4 Pom. Eq. sec. 1361. If the action at law involves equitable features which can be determined only by a tribunal having equity

jurisdiction, then it is eminently proper for the latter by injunction process to restrain the trial in the law court.

An examination of the bill discloses no such peculiar or special ground for interference by a court of equity. The charge is made that the claims sued on in the action of assumpsit are spurious, and no contract was ever made with E. H. Lopinsky on which they can be based; that they can not be binding obligations upon the firm of Hurvitz & Lopinsky, as the services were performed for Hurvitz, Lopinsky & Brother; that by reason of the contract of July, 1914, in which E. H. Lopinsky participated and signed, he is estopped from now proceeding to collect his claims at law; that Hurvitz had no information of the existence of these claims until he was advised by attorneys for the plaintiff in the law suit a short time before that suit was instituted; that J. M. Lopinsky, as a member of the firm of Hurvitz, Lopinsky & Brother, had no authority to execute the note in the firm name of Hurvitz & Lopinsky; and that fraud was practiced by the plaintiff, E. H. Lopinsky, when he procured J. M. Lopinsky, his brother, to execute such obligation. It is clear that all of these matters could have been pleaded and set up in the law suit to defeat the claim in that forum. If there was no contract for salary and no services rendered by plaintiff to the firm of Hurvitz, Lopinsky & Brother, as claimed by the bill, if any services were rendered at all, then the firm of Hurvitz & Lopinsky would not be liable therefor—a purely legal defense; and the act of the plaintiff in entering into the contract of July, 1914, and executing a note for $251.59, closing the same, without the bringing to light his claim for services, could be pleaded by way of estoppel, which is also a purely legal defense.

It is true that courts of equity and courts of law have concurrent jurisdiction in cases of fraud, yet it is well established that if a suit be brought in a court of law, in which the question of fraud may be tried and determined, the party injured by fraud must make his defense there; and if he neglect to do so a court of equity has no jurisdiction to relieve him. *Haden* v. *Garden,* 7 Leigh 157. The fact that

a claim is spurious and the plaintiff in an action at law knows it tò be such will not entitle the party sued to an injunction against the prosecution of the action on such claim. *Evans* v. *Taylor,* 28 W. Va. 184.

Moreover, it may be observed that the action of assumpsit is a liberal and equitable one. As was said by Judge Nelson in the case of *Eddy* v. *Smith,* 13 Wendell 490, ".The principles of· this action are liberal, beyond that of any other known to the practice of the courts, * * * * The action ìs equally beneficial to the defendant, because the defense to the claim as well as the claim itself is governed by the above principles." He further quotes Lord Mansfield in *Moses* v. *McFarlan,* 2 Burr. page 1010, aS saying, "It is the most favorable way in which he can be sued; he can be liable no further than the money he has received; and against that may go into every equitable defense upon the general issue; he may claim every equitable allowance; in short, he may defend himself by everything which shows that the plaintiff *ex aequo et bono* is not entitled to the whole of his demand or any part of it."

We now come to the consideration of the amended bill. After the court had indicated that he would dismiss the bill because of want of equity, the plaintiff prepared an amended and supplemental bill reiterating what was contained in the original bill, and asking that if the·court should hold that there was liability on the note and account for services against Hurvitz & Lopinsky, then the defendant, Mary Lopinsky, would be liable for one-half thereof, and decree entered against her accordingly; and praying that the plaintiff in the law suit be enjoined from further prosecuting the action at law and required to dismiss the same; but if the court should hold that the note and account sued upon are liabilities then they should be adjudicated as such against the firm of Hurvitz, Lopinsky & Brother, one-third thereof to be assumed and paid by each of the defendants, Eugene H. Lopinsky and Mary Lopinsky, and that an account be taken to ascertain the respective liabilities of the parties thereto; and for general relief. The substance of this amendment is to the

effect that if the court should hold the firm of Hurvitz & Lopinsky liable for the claims sued on, then Mary Lopinsky should be required to assume one-half thereof; but if the court should find the firm of Hurvitz, Lopinsky & Brother liable for said claims, then the parties interested in that firm should assume their parts of the indebtedness and be decreed to pay the same. We cannot see that this amended bill asserts any ground on which a court of equity would be justified in enjoining the suit at law. If it can be shown in the suit at law that the note and account are owing by the firm of Hurvitz, Lopinsky & Brother, then there could be no recovery against Ben Hurvitz as the surviving partner of Hurvitz & Lopinsky. And if the claims are owing by the firm of Hurvitz & Lopinsky, as they are claimed to be in the action of assumpsit, then there is no jurisdiction in equity to prevent the trial at law because, perchance, Mary Lopinsky, as the heir of J. M. Lopinsky, the dead partner, would be responsible for one-half of the recovery. The matter of adjustment of the recovery between her and Hurvitz is something about which the plaintiff in the law suit is not concerned. An action at law against the surviving partner cannot be enjoined for that reason. The right of contribution by one partner against his co-partners or against the estate of one of them who has died, for their just share of any claim paid by him against the partnership is so well settled that a citation of authorities would be superfluous.

Having concluded that the amended and supplemental bill affords no ground for injunction against the action of assumpsit, it is unnecessary to pass upon the question raised in the briefs as to whether the court erred in entering the *nunc pro tunc* decree and in not permitting the amended and supplemental bill to be filed, or in striking it from the record after it was filed, which was the practical result. If the court had no jurisdiction to entertain the bill as amended, it is immaterial when the decree was entered. We have concluded that neither the original bill nor the amended bill shows sufficient grounds on which an injunction against the

trial of the action of assumpsit can be predicated; and therefore, the decree of the circuit court is affirmed.

*Affirmed.*