# CHARLESTON.

NEAL COAL COMPANY *v.* THE VIRGINIAN RAILWAY COMPANY

(No. 5505)

Submitted February 23, 1926.   Decided March 2, 1926.

INJUNCTION—*Defendant Cannot Enjoin Action of Assumpsit to Recover Balance Due for Labor and Materials Furnished on Sole Ground That He Relied on Former Contract Between Parties, That Agreement Sued on Was Without Consideration, That He Entered Into and Paid for Part of Labor and Material Under Protest, and That He is Entitled to Return of Amount so Paid.*

The defendant in an action of assumpsit to recover a balance due for labor and materials furnished under a contract

. 101 W. Va.

between the parties to the action, cannot enjoin prosecution of the action at law, where his sole ground for equity jurisdiction is that he relies on a former contract between the parties, that the agreement sued on was without consideration and that he entered into it and paid for a part of such labor and materials under protest, and that he is entitled to a return of the amount so paid; such defenses, if good, being as available at law as in equity.

(Injunction, 32 C. J. §§ 98, 105, 115.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Raleigh County.

Suit by the Neal Coal Company against the Virginian Railway Company to enjoin an action of assumpsit and for other relief. From a decree adjudicating the rights of the parties and referring the cause to a commissioner, defendant appeals.

*Reversed; bill dismissed.*

*Brown, Jackson & Knight, Williams, Loyall & Tunstall, McGinnis & McGinnis,* and *Martin & Wingfield,* for appellant.

*C. M. Ward* and *Carl C. Sanders,* for appellee.

Miller, Judge:

By this suit the plaintiff sought to enjoin an action of assumpsit being prosecuted against it by the defendant, and to have decreed specific performances of a certain contract relied on to defeat the action at law. From a decree of the circuit court adjudicating the rights of the parties and referring the cause to a commissioner, the defendant has appealed.

The bill filed in the cause alleges that on June 15, 1903, the Rock House Fork Land Company, plaintiff's lessor, executed to the Deepwater Railway Company, the predecessor in title to the railway property now owned by defendant, a deed for a right of way through and over certain lands owned in fee by the land company, the deed of conveyance containing the following covenant: "That the party of the first part, its successors, assigns and lessees shall have side tracks or switches to and for any coal operations to be opened by it, or

them, upon its said lands upon the following terms: The party of the first part, its successors, assigns, or lessees shall furnish the grade and right of way and furnish ties for such side tracks and switches, and the railway company shall furnish and lay the rails upon such side tracks and switches as soon as the same are graded and ties furnished, and the party of the second part, its successors assigns and lessees shall pay the labor cost of laying said rails and said rails to be and remain the property of the railway company and may be removed by it from any side tracks or switches the use of which is discontinued. The covenants on the part of the party of the second part hereinbefore contained and set out shall be covenants running with and binding the right of way hereby conveyed.'' And it is alleged that on the first day of January, 1920, the Rock House Fork Land Company leased to plaintiff for mining purposes a certain seam of coal underlying 346 acres of the land through which defendant's right of way passes; that immediately thereafter plaintiff furnished the right of way as contemplated by the deed of June 15, 1903, and graded the same, but that defendant refused to carry into effect the covenants entered into between its predecessor in title and plaintiff's lessor, and demanded of plaintiff the sum of $4,000.00 in order to secure the prompt construction of the side track required by plaintiff in marketing its coal; that on May 1, 1920, an agreement was entered into between plaintiff and defendant in reference to said side track with the understanding that plaintiff did not relinquish any of its rights under and by virtue of its lease and the covenants aforesaid; that plaintiff paid to defendant the $4,000.00 so demanded; that by the agreement of May 1, 1920, it was provided that plaintiff furnish the necessary land for its side tracks outside of defendant's right of way, and furnish all ties and timber for the construction of the side track beyond the clearance point with the main line of the railway, and that defendant at the cost of plaintiff should furnish the necessary rails, fastenings, frogs, switches and ballast, and lay and surface the track, the plaintiff to pay for the entire cost of construction, including fifteen per cent for supervision and use of tools: and it is charged that the agreement of May

1, 1920, was without consideration, and void. The prayer of the bill is that defendant be enjoined from collecting the costs of labor and materials furnished by it; that the cause be referred to a commissioner for an accounting; that defendant be required to refund the $4,000.00 paid; and that it be required to specifically perform the covenants of the deed of June 15, 1903.

Defendant demurred to and answered the bill; and the cause was heard upon the pleadings and the depositions taken and filed therein. The court found that plaintiff was entitled to a settlement under the terms of the deed of 1903, but that certain credits were due defendant for materials furnished by it, not contemplated by the deed, and referred to the cause to a commissioner to ascertain which of the parties was indebted to the other, and in what amount.

Defendant challenges the right of plaintiff to come into a court of equity to enjoin the action of assumpsit, on the ground that every defense pleaded in the bill could be interposed in the suit at law.

From the allegations of the bill it appears that the suit in assumpsit was to recover the balance alleged to be due the defendant herein for materials and labor furnished in constructing the side track in question under the agreement of May 1, 1920. Plaintiff's prayer for relief in this suit involves purely a money demand. It seeks to be relieved of liability to defendant for the balance alleged to be due the railway company, and to recover back the $4,000.00 already paid. It is true, there is also a prayer for specific performance of the covenants of the deed of June 15, 1903; but the side track provided for in that agreement has already been constructed; and from the bill it appears that each party performed the part thereof contemplated in said agreement. The only question arising is whether defendant is indebted to plaintiff, or plaintiff to defendant; and the determination of this question must depend upon whether plaintiff is entitled to a settlement under the deed of 1903, or under the contract of 1920. Is not this question one determinable by a court of law, the forum first invoked by one of the parties here, and which first took jurisdiction of the subject matter of the controversy?

Our decisions say that the action of assumpsit is a liberal and equitable one, and a most favorable one to the defendant; for he may interpose any equitable defense to plaintiff's demand, his defense being governed by the same liberal and equitable principles applicable to plaintiff's case. *Thompson v. Thompson,* 5 W. Va. 190; *Hughes* v. *Frum,* 41 W. Va. 445; *Mankin* v. *Jones,* 68 W. Va. 422; *Hurvitz* v. *Lopinsky,* 92 W. Va. 21, 27; and the numerous cases cited therein. From the bill it appears that plaintiff, relying on the covenants of the deed of June 15, 1903; disclaims any liability to defendant for labor and materials used in the construction of the side track, and demands the return of the $4,000.00, claimed to have been paid under protest to secure the completion of the track by defendant. No other case is pleaded or shown by the bill. Manifestly, under our decisions, this claim may be interposed in the action at law, by the proper pleas. Plaintiff's counterclaim may be put in issue by a plea of set-off. The questions arising on the differences between the parties as to which of the two contracts or agreements governs their rights, can as well be determined in the action at law as by a suit in equity, the questions of fact being for the jury, under proper instructions by the court. We are clearly of opinion the plaintiff's bill does not show facts invoking the aid of a court of equity, and that it has a complete and adequate remedy in the action at law.

In view of our many cases on the question, it is unnecessary here to discuss the proposition that where the defendant has a complete and adequate defensive remedy to an action at law, he will not be granted an injunction by a court of equity to prevent trial of the action. *Hurvitz* v. *Lopinsky, supra.*

And if it were proper here to go into the record of the trial of the cause, we find that the side track in question was actually constructed partly on the right of way of the defendant, an act not provided for by either the deed of 1903, or the agreement of 1920. Under what arrangement or agreement between the parties this was done does not appear; but some correspondence between the parties shows that plaintiff asked to use a part of the right of way because of its inability to secure its own grade or right of way on its leasehold. Thus

it appears that neither of the two contracts or agreements was strictly adhered to.

In view of our conclusion that plaintiff is not entitled to maintain its suit in equity, the decree appealed from will be reversed, and plaintiff's bill dismissed, without prejudice, however, to its right to make any proper defense to the action at law sought to be enjoined.

*Reversed; bill dismissed.*