# CHARLESTON.

## ELKINS v. MICHAEL.

Submitted January 19, 1909. Decided April 20, 1909.

1. JUSTICE OF THE PEACE—*Appeal—Dismissal.*

    A defendant in an action before a justice appealing from a judgment against him cannot dismiss his appeal, and thus deprive the plaintiff from trying the case and getting judgment against the appellant and his sureties. (p. 504.)

2. SAME—*Effect.*

    An appeal from a justice's judgment vacates and annuls the judgment. (p. 505.)

3. SAME—*Appeal—Dismissal—Proof of Case by Plaintiff.*

    When a defendant takes an appeal from the judgment of a justice, and abandons his appeal by asking its dismissal, the court cannot allow the motion and render the same judgment for the plaintiff as the justice rendered, without proof. The plaintiff must prove his case. The former judgment cannot be used as proof. (p. 506.)

    [ROBINSON, JUDGE, absent.]

Error to Circuit Court, Preston County.

Action by S. B. Elkins against P. B. Michael. From a judgment of the circuit court dismissing the appeal, plaintiff brings error.

, *Reversed.*

NEIL J. FORTNEY, for plaintiff in error.

WM. G. CONLEY, for defendant in error.

BRANNON, JUDGE: •

S. B. Elkins sued P. B. Michael before a justice of Preston county to recover money due on contract, and having recovered before the justice Michael took an appeal to the circuit court, and that court entered an order saying that on Michael's motion, "and for reasons appearing to the court this appeal is dismissed." Elkins sued out a writ of error from this judgment.

In this case comes up the question, What is the effect of the dismissal by the court of the appeal? Does it restore the judgment rendered by the justice? The question is material because if the dismissal restores the judgment of the justice, that dismissal does not harm Elkins, but gives him back his judgment, and thus favors him, and he cannot sustain a writ of error. On the other hand, if the judgment is not restored, it was Elkins' right to have the appeal tried, so that he might get judgment, and he is aggrieved by dismissal. This Court has often said that an appeal vacates the judgment of the justice and calls for a new trial, without regard to the judgment of the justice. *Evans* v. *Taylor,* 28 W. Va. 184; *Hopkins* v. *Railroad,* 42 *Id.* 537; *De Armit* v. *Town,* 63 *Id.* 300; *Pickenpaugh* v. *Keenan,* 63 *Id.* 304. It is so stated in *Chenowith* v. *Keenan,* 61 W. Va. 108, and there is a discussion of matters pertinent to this question. We conclude that as the appeal vacates the justice's judgment, and is the grant of a new trial, like the grant of a new trial in a circuit court, and as the papers go out of the justice's court into the circuit court, and as bond is given to answer such judgment as the circuit court may render, and as the Code says the appeal, that is, the action, shall be tried without regard to the judgment of the justice, the dismissal of the appeal does not restore the judgment. Will the justice issue execution? He would say that the case had left his forum. There is no law by which, when the appeal has been dismissed, the dismissal

shall be certified to his court to tell him that he should execute his judgment. No statute provision of that kind. Proceedings in justices' courts are only those allowed by statute. I think that *De Armit* v. *Town, supra,* virtually so decides. Taking the dismissal of the appeal as a dismissal of the action, without good ground, the action of the court is error of which Elkins may complain. The dismissal of the appeal is a dismissal of the action. The one cannot be expelled from the court and the other remain. The appeal is not in itself an action. It is only a name given to *removal.* It is a removal of the suit from one court to another for re-trial. When we had the county court with jurisdiction as prescribed by the constitution of 1872, we had a statute allowing a removal of a suit before trial from that court to the circuit court. Acts 1875, ch. 56. Nothing was left in the county court. An appeal leaves nothing, except the justice's docket, in the justice's court. The action has left his court forever. I am of opinion that when a judgment is given by a justice against a *defendant,* and *he* appeals, he cannot dismiss the appeal. Why? Because his appeal has only set aside the judgment and removed the action into the circuit court for re-trial, and what right has he to dismiss that action? The plaintiff's judgment has been vacated by the defendant's appeal, and the case transferred for re-trial. He is entitled to get judgment again. The appeal has performed its function, only the action is left. By dismissing the appeal the court has dismissed the action. There is nothing else to dismiss.

The question arises, When a defendant dismisses or abandons his appeal what judgment should be given? As he has abandoned his defence, should he be treated as withdrawing a plea and admitting the plaintiff's claim, or making a confession of judgment, and should the court render the same judgment as did the justice, or taking the action as confessed render judgment? We conclude that as the justice's judgment has been annulled by the appeal, it cannot operate as proof for its re-entry, but the plaintiff must prove his case. The fact is, the defendant cannot dismiss his appeal. He can confess judgment; but he cannot dismiss the action. He has simply by appeal removed the case into another court, his appeal has done its work of removal; but the action is yet alive, and is still the plaintiff's action. He is entitled to re-try his case, and

have judgment against the defendant and his sureties in the appeal bond. *Pickenpaugh* v. *Keenan,* 63 W. Va. 304; *Chenowith* v. *Keenan,* 61 *Id.* 108. So Elkins can complain that he has been sent out of court without being given a trial. Final judgment dismissing his case with costs against him has been given. The judgment of dismissal was intended to end Elkins' action. It gave costs of his action to Michael.

No reason for the dismissal of the action is shown. From the justice's docket we see that Michael moved the justice to dismiss the action for want of jurisdiction, as title to real estate would come in question. If that was the ground of dismissal, that ground is not shown. There is not a particle of evidence in the record to show this. The Code demands, in chapter 50, section 50, clause 12, Code 1906, section 2001, that if the defendant wishes to make that defence, he must file a written answer stating, not his mere opinion, but the facts showing that title to real estate will come in question, and swear to the answer, and further says that if such answer be not filed the justice shall entertain the case, and the defendant shall not dispute the plaintiff's title to the premises. No such answer was filed; no showing that title to realty would come in question.

We reverse the judgment, and overrule the motion of Michael to dismiss his appeal, and we reinstate the appeal upon the docket of the circuit court, and remand the case to that court to be tried according to law.

*Reversed.*