# CHARLESTON.

### WHELAN *v.* RAILROAD CO.

### Submitted June 6, 1910.    Decided March 5, 1912.

1. JUSTICES OF THE PEACE—*Appeal—Dismissal.*
   Irregularities and mistakes in the proceedings of a justice of the peace, in an action wherein he had jurisdiction of the subject matter and the parties, furnish no ground for dismissing an appeal, properly taken, to the circuit court. (p. 443).

2. SAME.
   A defendant who has appealed from the judgment of a justice, rendered against him in an action wherein the justice had jurisdiction of both the subject matter and the parties, can not dismiss his appeal over the objection of plaintiff. (p. 443).

3. RAILROADS—*Killing Stock—Question for Jury.*
   In an action against a railroad company for the negligent killing of a horse, trespassing upon the company's right of way, negligence is generally a mixed question of law and fact for the jury, and if circumstances are proven from which they may reasonably infer negligence, such, for instance, as that the horse could have been seen, dangerously near the track, by the engineer in charge of the train, for a distance of three hundred yards; that the speed of the train increased, and no effort was made to stop it until after the engine struck the horse; that the train was a light one making only a half a load for the engine, the case should go to the jury. (p. 445).

4. NEW TRIAL—*Grounds—Sufficiency of Evidence.*
   The jury are the judges of the credibility of witnesses and the weight to be given to their testimony, and the court has no right to set aside their verdict founded upon conflicting testi-

mony, provided there is sufficient evidence to support it, and it be not contrary to the overwhelming weight thereof.  (p. 445).

5.  Railroads—*Killing Stock—Contributory Negligence.*
Plaintiff's negligence in permitting his horse to stray upon a railroad track, does not relieve the railroad company's servants from the exercise of reasonable care to avoid injuring him. (p. 446).

6.  Same—*Killing Stock—Duty of Engineer.*
It is the duty of the engineer to keep a reasonable lookout for dumb animals trespassing on the tracks.  (p. 447).

7.  Same—*Killing Stock—Negligence.*
The failure to ring the bell or sound the whistle, to frighten animals off the track, is not, *per se*, negligence.  (p. 447).

(Brannon, President, absent).

Error to Circuit Court, Lewis County.

Action by Thomas Whelan against the Baltimore and Ohio Railroad Company.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Brannon & Stathers,* for plaintiff in error.

*J. M. Foster,* for defendant in error.

Williams, Judge:

This writ of error was granted, on defendant"s petition, to a judgment of the circuit court of Lewis county for $192.00, rendered against it in favor of plaintiff, in an action for the negligent killing of a horse.  The action was originally brought in a justice's court, and, after judgment in favor of plaintiff, defendant appealed.

After taking the appeal, defendant moved to dismiss it, on the ground that the transcript from the justice's docket showed that, on June 23, 1908, that being the day on which the summons was returnable, neither party to the action appeared, and the justice, on his own motion, continued the cause until the 23rd of July, at which time, defendant still failing to appear, the justice heard plaintiff's proof and rendered a judgment in his favor.  The court overruled the motion, and defendant's counsel assign this action of the court as error.  The nature of the action and the amount in controversy show that the jus-

tice had jurisdiction of the cause. The constable's return on the summons shows it to have been served in sufficient time and in proper manner. This gave the justice jurisdiction over the person of defendant. His jurisdiction is, therefore, shown to have been complete. It is not necessary to decide, nor do we say, that the justice had a right to continue the case for thirty days, in the absence of both parties, nor do we decide what affect such continuance had upon the justice's judgment. Because, having jurisdiction of the parties, and of the subject matter, the mistake, if such it is, was a mistake in procedure only. Whether the justice erred, after having acquired complete jurisdiction, and whether the error, if any, rendered his judgment void, or only voidable, are questions not material to the proceedings in the circuit court on appeal. Because the appeal had the effect to vacate the judgment of the justice, in any event. It was no longer of any force. *Elkins* v. *Michael,* 65 W. Va. 503, 64 S. E. 619; *DeArmit* v. *Town of Whitmer,* 63 W. Va. 300; *Evans* v. *Taylor,* 28 W. Va. 188. The appeal having been properly taken, and the jurisdiction of the justice being clear, defendant could not dismiss its appeal, and thereby prevent a trial of the case. *Elkins* v. *Michael, supra; Watson* v. *Hurry,* 47 W. Va. 809. The appeal was for the purpose of another trial before the court, and not to review the proceedings of the justice. *Thorn* v. *Thorn,* 47 W. Va. 4. An appeal from a justice is, more accurately speaking, a removal of the cause, and not an appellate procedure. *Elkins* v. *Michael, supra.* The party against whom a judgment is rendered by a justice, having jurisdiction, and who has appealed, can not dismiss his appeal over the objection of the opposing party. *Watson* v. *Hurry, supra.*

The case of *Thomasson* v. *Simmons,* 57 W. Va. 576, is authority for the proposition that the continuance of the case by the justice for thirty days did not operate to oust him of jurisdiction, or work a discontinuance, whatever may be the effect of such continuance upon his judgment. The court did not err in overruling defendant's motion to dismiss the appeal.

The refusal of the court to sustain defendant's motion to strike out plaintiff's evidence, is assigned as error. But it waived this error, if error it was, by thereafter introducing its own evi-

dence, and by submitting the case to the jury. *Trump* v. *Tide-water Coal & Coke Co.,* 46 W. Va. 238, 32 S. E. 1035; *Core* v. *Railroad Co.,* 38 W. Va. 456.

One of plaintiff's witnesses who saw the accident testified to the following facts, viz: That the horse was run over and killed by an engine and train of cars in charge of defendant's servants, on the 12th day of December, 1907, about four o'clock in the afternoon; that the engineer, if he had been looking out along the track, could have seen the horse for a distance of three hundred and fifty, or four hundred yards; that, after the point was reached from which the horse could have been seen by the engineer, no signal was sounded, and no effort made to stop the train until the instant the horse was struck by the engine, when the whistle gave a sharp blast; that for a distance of about two hundred yards before the horse was struck the train was going down grade, and the speed of the train increased above what it had been just before reaching this down grade; that the train was making very little noise; that, after striking the horse, the train was stopped in about seventy-five yards; that the color of the horse was a light iron grey, and the ground back of him dark, thus making it easier to see him; that he was not immediately upon the track, until the engine approached very near to him but was standing in the ditch between the tracks and a high bank, and when the engine got near to him he made two or three jumps along the side of the tracks and then tried to cross the tracks and was struck by the engine and killed.

The testimony of the engineer, and of some of the other of defendant's witnesses conflicts with very much of the above mentioned testimony. But the jury were the judges of the credibility of witnesses, as well as triers of all matters of fact, and they having found a verdict for the plaintiff, upon conflicting oral testimony, the court was justified in refusing to set it aside. Plaintiff's evidence proved a state of facts from which the jury could say that defendant's engineer was negligent in not sooner seeing the animal by the track, in a place of imminent danger, and in not having the speed of his train under better control when approaching him. The facts in the present case are very similar to those in *Johnson* v. *Railroad Co.,* 25 W. Va., 750, and *Heard* v. *Railroad Co.,* 26 W. Va. 455. We

think those cases should control the decision of the present case, and we need only refer to them. True, plaintiff's evidence does not prove how near the engine was to the horse when the engineer first saw him, but it does prove that, if he had been looking out for animals on the track, he could have seen him for a distance of two hundred and fifty or three hundred yards; that he had a light train, one which the engineer himself calls a half load for his engine; that, just before reaching the point from which he could have seen the horse, there was an upgrade, and while the engine and some of the cars would be on the downgrade towards the horse, some of the hindmost cars would still be on the upgrade, thus making it easy to get control of the speed. The failure to ring the bell or blow the whistle would not, of itself, prove negligence, as such means of warning are not intended for dumb animals, but there are other facts tending to prove negligence. Plaintiff's witnesses say that no effort was made to slacken the speed until after he had struck the horse. He admits that he saw him when he was within about two hundred feet of him, and says that he at once put on the brakes, but that the rails were wet and caused the engine to slide on the track, and for that reason he could not check the speed. But, on that point he is contradicted by plaintiff's witnesses.

Defendant's instruction No. 8 was properly refused. It would have told the jury that plaintiff could not recover, if plaintiff's horse escaped from the stable, strayed on defendant's track and was struck by defendant's engine, for the reason that the failure to ring the bell and sound the whistle is not negligence. This instruction ignored other evidence tending to prove defendant's negligence. The fact that plaintiff may have been negligent in permitting the horse to escape from his custody, and to get upon defendant's track, does not preclude recovery. Because his negligence in that regard is not the proximate cause of the injury. This instruction does not correctly state the law of this case, and was properly refused. Moreover, it would have been in direct conflict with plaintiff's instruction No. 1, which the court gave. Plaintiff's No. 1 told the jury that, notwithstanding plaintiff's negligence in permitting his horse to stray upon the railroad track, his negligence did not excuse the killing of the horse, "if by the use of ordinary care by the

defendant or its agents it might have prevented the injury."
This is undoubtedly the law of the case.

The court modified defendant's instruction No. 10, by strik-
ing out the words in italics, and gave it as thus modified, and
defendant assigns that action of the court as error.   The in-
struction as first offered reads as follows:  "The Court instructs
the jury, that if they believe from the evidence, that those in
charge of the defendant's engine, saw the animal as soon as they
reasonably might have seen it, under the circumstances, of the
case, and that when they saw the animal they used ordinary
care to stop the engine in order to prevent striking said animal,
and that the said animal had escaped from the plaintiff's stable
*and was out on the commons* and strayed to the side of the track
of the defendant, and was grazing, and that just before the train
reached the place on the track near which the horse was grazing,
it jumped one or more times in the direction the train was run-
ning, and then suddenly jumped on the track in front of the
engine, and was killed, then the jury should find that the acci-
dent was unavoidable, and was not the result of negligence,
and the jury in such case should find for the defendant,  The
Baltimore & Ohio Railroad Company."   The words stricken
out were immaterial, and the court committed no error in mak-
ing the modification.   Regardless of how the horse came to be
on defendant's tracks, it was under legal duty to use reasonable
care to avoid injuring him.

Defendant was not prejudiced by the refusal of the court to
strike out plaintiff's evidence relating to the fact that the bell
was not rung or the whistle blown.   The jury were instructed
that the omission to do those things, did not prove negligence,
that, if they believed the accident was inevitable and unavoid-
able, they must find for the defendant, notwithstanding the en-
gineer may have used no precaution whatever,  "such as blow-
ing the whistle or doing anything else."   The court also instruct-
ed the jury, at defendant's request, "that if they believe from
the preponderance of the evidence, that no precaution could
possibly, under the circumstances, have avoided the accident,
the failure to use any precaution will not render the company
liable."

Neither was it error to overrule defendant's motion to strike

out plaintiff's evidence concerning what was done in respect to other and different trains· of defendant company, in relation to stopping, and having to stop, on the grade near plaintiff's residence. That evidence tended to show the condition of the track as to grade, at that point, and it tends to prove that defendant's servants, on the occasion in question, might easily have stopped the train, or checked its speed, at the point from which the dangerous position of the horse could have been seen, if the engineer had been on the lookout for trespassing animals.

Finding no error, we will affirm the judgment.

*Affirmed.*