# CHARLESTON.

## Cook v. Continental Casualty Company.

### Submitted April 9, 1918.    Decided April 16, 1918.

1. Justices of the Peace—*Right of Appeal—Statutes—Counter Affidavit.*

    The right of a defendant to appeal from the judgment of a justice, and thereby to remove the case into the circuit court to be tried de novo and to have the cause determined without reference to the judgment of the justice on principles of law and equity, as provided by section 169, chapter 50, Barnes' Code, 1916, is not affected or abrogated by section 50a, of said chapter, being chapter 79, Acts 1915, requiring a counter affidavit as therein provided as a pre-requisite to the filing of any answer to the action and to make defense thereto. He may notwithstanding said section 50a file with his answer such counter affidavit upon appeal in the circuit court. (p. 253).

2. Same—*Appeals—New Pleading.*

    The provision of said section 169, that appeals may be tried upon the pleadings made up in the justice's court, or upon *amended pleadings* before or during the trial, interpreted in the light of our decisions relating to proceeding before justices, does not limit the parties strictly to amendment of pleadings filed before the justice, but includes new and different pleadings when necessary to the ends of justice. (p. 253).

3. Same—*Appeal—Affidavits.*

    The affidavit of the plaintiff filed before the justice pursuant to said section 50a, which, as in this case, omits substantial requirements of that section, should be treated as ineffectual either in the justice's court or upon the trial de novo upon appeal in the circuit court to cut off proper defenses or preclude the defendant from filing with his answer his counter affidavit as provided by said statute. (p. 253).

4. Same—*Appeal—Affidavits—Statute.*

    Such a statute as said section 50a should be so construed as to operate in harmony with the general statute and not to infringe upon it when the terms thereof fairly and reasonably considered will permit such construction. (p. 256).

Error to Circuit Court, Wyoming County.

Action by Dan W. Cook against the Continental Casualty

Company. From a judgment of the circuit court in favor of plaintiff, on appeal from a judgment of a justice, defendant brings error.

*Reversed and remanded.*

*Childers & Gorby,* for plaintiff in error.

*F. E. Shannon,* for defendant in error.

Miller, Judge:

This is a writ of error by defendant to the judgment of the circuit court rendered against it in favor of plaintiff upon an appeal by it from the judgment of a justice.

Defendant is a foreign corporation and service of the summons of the justice was had upon it by acceptance of the Auditor only, which of course was sufficient to confer jurisdiction, but for some reason not apparent from the record defendant did not appear before the justice to make defense to the action.

No formal complaint was filed before the justice, but according to the summons plaintiff's action was for the recovery of money due on contract in which he would claim judgment for $300.00, exclusive of interest and costs. The transcript of the justice's docket makes no note of the filing of any complaint or claim by plaintiff on the date of the summons; but, on December 23, 1916, the return day thereof, his docket shows that plaintiff with his attorney appeared and filed a sworn statement of account against the defendant for the sum of $150.00, alleged to be due on health and accident policy No. 3336756, covering illness from September 1, 1916, to November 17, 1916, with affidavit thereto that the defendant corporation "is due him the sum of $150.00, as per above itemized statement, and that said Continental Casualty Company, a corporation, is due affiant said sum of $150.00, after allowing all credits, counter claims and sets-off." After waiting one hour, and without other evidence than the affidavit, the justice proceeded to pronounce judgment for plaintiff against defendant for the sum claimed by him therein. Subsequently, on January 2, 1917, defendant appeared be-

fore the justice and applied for an appeal, which, upon filing a proper bond approved by the justice, was awarded, and the transcript and papers in the action were duly certified to the appellate court, where the case was duly docketed. On February 12, 1917, in the circuit court, defendant appeared and tendered and asked leave to file its counter affidavit, required by section 50a, chapter 50, Barnes' Code, 1916, which was objected to by plaintiff, but for reasons appearing to the court the motion was not then passed upon and the case was continued to the next term.

At the subsequent May term the order entered in the case shows that the plaintiff then tendered, and, over defendant's objection and demurrer thereto and motion to quash the same, overruled, was permitted to file, a special plea challenging the jurisdiction of the circuit court upon said appeal for the reasons and upon the grounds alleged therein that defendant had made no appearance before the justice and filed no counter affidavit to the affidavit filed by plaintiff, and wherefore it was alleged the court had no jurisdiction of said appeal. Thereupon upon said grounds the court was of opinion to sustain plaintiff's motion to dismiss said appeal, when, as shown by the same order, the defendant again tendered and offered to file its counter affidavit and also an affidavit of diligence, but upon objection thereto the court again denied defendant the right to file said affidavits and undertook to and did pronounce judgment against it and the sureties on its appeal bond for the sum of $158.75, being the aggregate of the principal, interest and costs, as found by the justice, with interest thereon until paid and costs. The defendant moved to set aside said judgment and grant it a new trial, which was overruled, and defendant excepted. On the following day, May 25, 1917, the court apparently of its own motion entered an order setting aside said judgment as having been improvidently entered, and by agreement of counsel as the order recites the case was continued until the next term.

On August 22, 1917, when the case was again called defendant again tendered and asked leave to file its counter affidavit as required by said section 50a, chapter 50, Barnes'

Code, which was again objected to by plaintiff and the objection sustained, and then over defendant's objection and exception, and demurrer thereto, overruled, plaintiff was again permitted to file his said plea to the jurisdiction of the court, and thereupon, on motion of plaintiff and upon the grounds set forth in his said plea, the court was again of opinion to and did dismiss said appeal with costs to plaintiff against defendant and the sureties on its appeal bond, but omitting judgment for the debt as in the previous judgment which was set aside as having been improvidently awarded. The last judgment is the one to which the present writ of error is directed.

The primary question presented for decision is, has section 50a, of chapter 50, Barnes' Code, 1916, being chapter 79, Acts 1915, so modified the law as it previously existed as to make it a condition precedent to the right of a defendant to appeal from the judgment of a justice and to give the circuit court jurisdiction of such appeal that he should have appeared before the justice and filed his plea or answer with counter affidavit as provided therein and made defense in the justice's court? Although section 2, of chapter 79, of said Act of 1915, repeals all acts and parts of acts inconsistent therewith, we do not think it was intended to make any change in the provisions of said chapter 50, relating to the right of appeal to the circuit court. That act is an independent statute. It does not purport to be an amendment or addition to said chapter 50, of the Code; besides there is nothing in it inconsistent with any section or provision of said chapter. Section 163 thereof provides that in all cases an appeal shall lie under the regulations therein prescribed from the judgment of a justice to the circuit court of the county, when the amount in controversy on the trial before the justice exceeds fifteen dollars, exclusive of interest and costs, or the case involves the freedom of a person, the validity of a law or an ordinance, etc. And all that is required by section 164, of that chapter, is that within ten days after the judgment rendered appellant shall give a bond as therein provided and approved by the justice. When this has been done the appeal is thereby perfected and its effect, un-

less changed by the new statute, as has been before decided, is to vacate the judgment of the justice and render it ineffectual; and the function of such appeal is to transfer the case from the justice's court to the circuit court for a new trial, irrespective of the judgment of the justice and uninfluenced thereby; the judgment of the justice is not even available evidence for the appellee on the trial in the circuit court. Hogg's Treatise and Forms, section 654; *Evans* v. *Taylor,* 28 W. Va. 184; *Chenoweth* v. *Keenan,* 61 W. Va. 108; *Elkins* v. *Michael,* 65 W. Va. 503. And so effectually does such an appeal transfer the case into the appellate court that the appellant can not dismiss his appeal, nor ask or obtain judgment except upon proof of his case; the judgment of the justice can not be made the basis for affirmance of the judgment of the inferior tribunal. *Elkins* v. *Michael, supra; Town of Rowlesburg* v. *Zelano,* 74 W. Va. 142; *Whelan* v. *Railroad Co.,* 70 W. Va. 442. Moreover, section 169, of chapter 50, specifically provides that the cause shall be determined in the circuit court without reference to the judgment of the justice, on the principles of law and equity.

Moreover, prior to the enactment of said section 50a, it was regarded unnecessary for the defendant to have appeared in the justice's court, or filed any pleading there as a condition of his right to appeal. In *Jones* v. *Browse,* 32 W. Va. 444, judgment was rendered by the justice on default of appearance by defendant, and defendant, as in this case, appealed to the circuit court, where for the first time he appeared and filed his pleas. It was held to be error to deny him his plea, and the case was reversed and remanded for further proceedings. Defendant's right to make defense in the circuit court was not even questioned in that case. In *Longacre Colliery Co.* v. *Creel,* 57 W. Va. 347, the judgment of the justice was for the defendant without pleadings to support it, and upon appeal this judgment was reversed by this court and remanded to the circuit court in order that proper pleadings might be filed therein and the case properly heard and determined in that court. In *Poole* v. *Dilworth,* 26 W. Va. 583, the right to file new pleadings in the circuit

court, not strictly amendments of some pleadings before the justice, was recognized and affirmed.

It is true section 169, of said chapter 50, provides that: "The appeal may be tried upon the pleadings made up in the justice's court, or the pleadings may be amended before or during the trial of the appeal, when substantial justice will be promoted by the amendment." But as we have seen from the cases just cited this statute has never been construed to limit the parties to amendment of pleadings filed before the justice, but in a broader and more comprehensive sense as including new and different pleadings when necessary to the ends of justice. To construe the statute otherwise would be to deny rather than promote justice, and to impose more technical rules in such cases than obtain in cases begun and prosecuted in the circuit courts. "An appeal from the judgment of a justice, which under the law is tried de novo in the appellate court, is a continuation of the same action," not a new suit. *Bratt* v. *Marum,* 24 W. Va. 652.

What effect then should be given said section 50a, on the right of a defendant and appellant to file his counter affidavit and answer in the appellate court? This statute was evidently copied from section 46, chapter 125, of the Code. The language is substantially the same. To cut off defenses under that statute, as has been decided, plaintiff's affidavit must substantially comply with the requirements thereof. The statute now involved is that: "Where the plaintiff has filed with the justice on or before the return day of the summons, a complete statement of the items of his account, together with an affidavit stating that there is, as he verily believes, due and unpaid to him from the defendant, including principal and interest, after deducting all payments, credits and sets-off made by the defendant, and to which he is entitled, a sum certain to be named in the affidavit, no answer shall be filed before the justice, unless defendant shall file with his answer, his affidavit stating that there is not, as he verily believes, any sum due from him to the plaintiff upon the demand or demands stated in said summons; or stating a sum certain less than stated in the affidavit, which, as he verily believes, is all that is due from him to the plaintiff upon the demand or

demands stated in the summons." The affidavit of the plaintiff in this case interpreted in the light of our decisions construing like or similar provisions of section 46, of chapter 125, of the Code, is not a strict or even substantial compliance with the requirements of said section 50a. All that plaintiff's affidavit says is that there "is due him the sum of $150.00 as per above itemized statement, and that said Continental Casualty Company, a corporation, is due affiant the said sum of $150.00, after allowing all credits, counter claims and sets off." What the statute required of him was "an affidavit stating that there is, *as he verily believes,* due and unpaid to him from the defendant, *including principal and interest,* after deducting all *payments,* credits and sets off *made by the defendant, and to which he is entitled",* a sum certain. All the words of the statute which we have italicized we observe are wholly omitted from plaintiff's affidavit; and are they not substantial provisions thereof? In *Vinson* v. *Norfolk & Western Ry. Co.,* 37 W. Va. 598, we held that an affidavit by plaintiff which does not comply with the prescribed requirements will not exclude a plea, though the plea be not accompanied by the affidavit required of defendant. And in *Marstiller* v. *Ward,* 52 W. Va. 74, we held that an affidavit of plaintiff that there is "due" him a certain sum, instead of saying that there is "due and unpaid", is not a sufficient affidavit to call for judgment under said statute by reason of the absence of the words "and unpaid". So, also, in *Vinson* v. *Norfolk & Western Ry. Co., supra,* we decided that an affidavit omitting the words "after deducting all payments, credits, and sets-off made by the defendant, and to which he is entitled", or words to the same effect, is not sufficient. True in the case at bar defendant made no objection to the sufficiency of plaintiff's affidavit, and tendered its counter affidavit which complies strictly with the statute, but was denied the right to file the same. Clearly the court erred in rejecting its answer and counter affidavit, if for no other ground than the insufficiency of the plaintiff's affidavit.

It is manifest that the only purpose of section 50a, being chapter 79, Acts 1915, was to regulate the practice in justice's courts, and of course also upon appeal in the circuit courts,

not to cut off such appeals, or to deny rights given by chapter 50, of the Code. The object of the corresponding provisions of section 46, of chapter 125, as is evident from the context, was to cut off dilatory pleas, or other defenses, and preserve to plaintiff his office judgment entered at rules, unless the defendant should file his counter affidavit with his plea or answer as required to set aside the office judgment, and so as to let him in to defend the action. But as there is no such thing as an office judgment in a justice's court to be set aside with limitation thereon, section 50a could be given no construction by analogy or otherwise to preserve the judgment as per affidavit of plaintiff. To give the statute a construction that would cut off appeals from judgments of justices would be to ignore well recognized principles of construction and to effectually cut off appeals by defendants in cases where no appearance or pleadings have been made by him before the justice. A new statute like this should be so construed as to operate in harmony with the general statute and not to infringe upon it when the terms thereof fairly and reasonably construed will permit such construction. *Reeves* v. *Ross,* 62 W. Va. 7. See, also, *State* v. *Nangle,* decided cotemporaneously herewith. And we suggest not as a point of decision, but arguendo, that to give the statute the construction contended for by appellee, a defendant might thereby be denied trial by jury according to the course of the common law, in cases in which this right is guaranteed by the constitution.

Our conclusion is to reverse the judgment, reinstate the appeal, and remand the case to the circuit court for further proceedings to be had therein in accordance herewith and further according to rules and principles applicable in such cases.                                   *Reversed and remanded.*