## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James D. Desmond Jr.,**
**Respondent Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0914** (Kanawha County 11-C-AP-149)

**LA Properties, LLC,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner James D. Desmond Jr., appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered July 23, 2012, that ordered petitioner to vacate rental property and awarded respondent a judgment for back rent. Respondent LA Properties, by counsel Brian R. Blickenstaff, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 11, 2011, respondent filed a petition for unlawful occupation of residential property with regard to rental property located at 241 Oliver Street, St. Albans, West Virginia. Petitioner filed an answer on October 5, 2011. On October 11, 2011, the Magistrate Court of Kanawha County mailed the parties a notice of hearing for October 28, 2011. Petitioner did not appear for the October 28, 2011, hearing; accordingly, the magistrate court granted respondent a default judgment. The magistrate court awarded respondent immediate possession of the rental property and a judgment for back rent in the amount of $250, plus $75 in court costs.

On November 8, 2011, petitioner appealed to the Circuit Court of Kanawha County, thereby vacating the magistrate court's default judgment.[1] The circuit court set the case for a hearing on June 8, 2012, at which the circuit court advised both parties to retain counsel and rescheduled the matter for July 17, 2012. Petitioner states that he was unable to retain counsel and represented himself at the July 17, 2012 hearing. On July 23, 2012, the circuit court entered an order that mirrored the magistrate court's order: granted respondent immediate possession of the

---

[1] *See* Syl. Pt. 2, *Elkins v. Michael*, 65 W.Va. 503, 64 S.E. 619 (1909) ("An appeal from a [magistrate court's] judgment vacates and annuls the judgment.").

1

rental property and awarded $250 in back rent, plus $75 in court costs. The circuit court ordered petitioner to vacate the rental property by 5:00 p.m. on August 17, 2012. Petitioner now appeals the circuit court's July 23, 2012 order.[2]

"In the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury." W.Va. Code § 50-5-12(b). In Syllabus Point 1 of *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996), this Court supplied the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

On appeal, petitioner argues that the circuit court used an outdated standard in reviewing his argument that the magistrate court's order should be reversed. However, despite petitioner's argument to the contrary, the circuit court did not affirm the magistrate court's default judgment. Rather, the circuit court decided the case on its merits. *See State ex rel. Browning v. Oakley*, 157 W.Va. 136, 138, 199 S.E.2d 752, 753 (1973) (Because an appeal from the magistrate court is decided de novo, the appeal "is determined without reference to the judgment of the [magistrate court] on principles of law.").[3] Respondent asserts that petitioner had an opportunity to present his substantive case at the July 17, 2012, hearing before the circuit court.

Petitioner did not request that the transcript of the July 17, 2012 circuit court hearing be made a part of the record on appeal. Based on the existing record, this Court finds no cause to disturb the circuit court's July 23, 2012 order. *See* Rule 52(a), W.V.R.C.P. (When the court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). After careful consideration, we conclude that the circuit court did not abuse its discretion in awarding respondent immediate possession of the rental property and a judgment for back rent, plus court costs.

---

[2] Petitioner filed a motion in the circuit court to stay the enforcement of its July 23, 2012 order during the pendency of this appeal. The circuit court denied petitioner's motion on August 20, 2012. Subsequently, on September 18, 2012, this Court also denied a motion by petitioner to stay the July 23, 2012 order. *See* W.Va. Code § 55-3A-3(g) ("During the pendency of any such appeal, the tenant is not entitled to remain in possession of the property if the period of the tenancy has otherwise expired.").

[3] Even if the default judgment were relevant, respondent notes that the magistrate court mailed the notice of the October 28, 2011 hearing to the same address petitioner had listed in his answer.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3