# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Andrew C. Smith,**
**Defendant Below, Petitioner**

**vs)  No. 12-1513** (Monongalia County 12-M-AP-19)

**City of Morgantown,**
**Plaintiff Below, Respondent**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andrew C. Smith, appearing *pro se*, appeals the order of the Circuit Court of Monongalia County, entered November , 27, 2012, that found him guilty of violating § 1741.02 of the Building and Housing Code of the City of Morgantown, West Virginia, by performing work without a grading permit. Respondent City of Morgantown, by counsel Brent O. Burton, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 21, 2012, Officer Mark Trump, the code enforcement officer of the City of Morgantown, West Virginia, cited petitioner for extending a parking lot located on Pennsylvania Avenue without a permit. In making out the citation, Officer Trump erroneously cited petitioner under the building permit ordinance, § 1705.09, instead of the grading permit ordinance, § 1741.02, which applied to extension of parking lots. On June 26, 2012, the municipal court held a bench trial on the citation. At the end of trial, the municipal court dismissed the citation because of the erroneous reference to § 1705.09. According to petitioner, city officials had him stay in the courtroom while a new citation was issued.

At the time petitioner was issued with the correct citation pursuant to § 1741.02, on June 26, 2012, he still had not obtained a grading permit for the work that had been done on the parking lot. Subsequently, on August 7, 2012, the municipal court held a second trial and found petitioner guilty of violating § 1741.02 and fined him $465 plus $35 court costs.

Petitioner appealed the municipal court's judgment of guilt. The circuit court which heard the matter de novo at a bench trial on October 23, 2012.[1] At start of trial, petitioner moved the

---

[1] *See* Syl. Pt. 2, *Elkins v. Michael*, 65 W.Va. 503, 64 S.E. 619 (1909) ("An appeal from a

1

circuit court to dismiss the citation under § 1741.02 on double jeopardy grounds. Respondent argued that the citation should not be dismissed because, in dismissing the original citation for citing the wrong ordinance, the municipal court made no finding that petitioner was not guilty. The circuit court denied petitioner's motion to dismiss.

Respondent presented Officer Trump as its first witness. Officer Trump testified that as of October 23, 2012, petitioner had not obtained a grading permit for the extension of the parking lot and that Officer Trump had revisited the location the day prior to trial and "observed sink holes, pooling of water, and more gravel." Respondent's second witness was the city's staff engineer who testified that one of the purposes of the grading permit ordinance was to prevent drainage problems. The city's staff engineer further testified that petitioner was required to obtain a permit for extending the parking lot because (1) there is a possibility that gravel could get onto the roadway and (2) borders were necessary to delineate the parking area. Petitioner presented the testimony of two licensed engineers, each of whom testified that a grading permit was not required because the work performed on the parking lot was maintenance. The circuit court found the testimony of petitioner's witnesses to be less reliable because each had visited the location "[only] after the gravel had been spread."[2]

The circuit court found that the work performed was a mixture of both maintenance and expansion because "[t]he new gravel applied extended the parking area beyond what it had been" and "[the] new gravel was on grass which had not previously been part of the parking lot." The circuit court concluded that petitioner was guilty beyond a reasonable doubt of violating § 1741.02 by performing work without a grading permit. The circuit court imposed the same penalty as did the municipal court, a $465 fine plus $35 municipal court costs, and also ordered that petitioner pay the costs of the appeal. Petitioner now appeals the circuit court's November 27, 2012, order, finding him guilty.

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

[magistrate court's] judgment vacates and annuls the judgment.").

[2] Credibility determinations made following a bench trial are entitled to great deference. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact.").

Syl. Pt. 1, *State v. Mechling,* 219 W.Va. 366, 633 S.E.2d 311 (2006) (quoting Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996)). Also, "a double jeopardy claim [is] reviewed *de novo*." Syl. Pt. 1, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996).

On appeal, petitioners argues one assignment of error, that jeopardy attached prior to his appeal to the circuit court because the magistrate court held a full trial on June 26, 2012, before it dismissed the original citation as erroneously issued under § 1705.09. Respondent argues that the municipal court's dismissal of the original citation was without prejudice and that the municipal court would not have proceeded with the August 7, 2012, trial if it thought that double jeopardy prevented it from doing so. We find respondent's argument to be the more persuasive because even if the June 26, 2012, dismissal could be described as a judgment of acquittal, which petitioner does not do, that does not end the inquiry. *State v. Adkins*, 170 W.Va. 46, 50, 289 S.E.2d 720, 724 (1982) (it is error to assume that a judgment of acquittal will automatically bar a retrial). Rather, "[t]he [double jeopardy] bar comes into play only if the judgment of acquittal is based on the trial court's determination that the government has failed in its proof of an essential element of the offense." *Id.* (Internal quotations and citations omitted). In the case at bar, the municipal court dismissed the original citation because it cited the wrong ordinance, and not because the court found petitioner not guilty. *See also Evans v. Michigan*, __ U.S. __, __, 133 S.Ct. 1069, 1077, 185 L.Ed.2d 124, __ (2013) (determination of guilt or innocence is "the touchstone" of whether a prior judgment triggers the double jeopardy bar.). Therefore, this Court concludes that petitioner's double jeopardy argument is without merit.

As for the circuit court's order, petitioner does not challenge the court's factual findings. The circuit court noted Officer Trump revisited the location the day before the bench trial. Officer Trump testified that as of October 23, 2012, petitioner had not obtained a grading permit for the extension of the parking lot and that when Officer Trump revisited the location the day prior to trial, he "observed sink holes, pooling of water, *and more gravel*." (Emphasis added.).[3] Therefore, this Court concludes that the circuit court did not abuse its discretion in finding petitioner guilty of performing work without a grading permit.

Foregoing the reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] Officer Trump was asked the following question at trial: "And, have they extended more of the gravel since the time you were there last time?" Officer Trump answered, "Yes, sir[.]"