## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Sloan,**
**Plaintiff Below, Petitioner**

**vs)   No. 13-0477** (Fayette County 12-C-AP-3)

**New River Auction & Sales and Steven Davis,**
**Respondents Below, Respondents**

**FILED**

December 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Sloan, appearing *pro se*, appeals the order of the Circuit Court of Fayette County, entered April 9, 2013, that ruled in respondents' favor because of petitioner's refusal to acknowledge that he had the burden to prove his damages. Respondents New River Auction & Sales and Steven Davis (collectively "respondent"), by counsel Christopher S. Moorehead, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner contracted with respondent, a licensed auctioneer, to sell at auction vehicles, farm equipment, and other items of personal property owned by petitioner. Following the auction, petitioner disputed how respondent conducted the auction and whether respondent provided him with a complete statement of the items that were sold, who purchased the items, and the price at which each item sold at the auction.[1] Respondent agreed to give petitioner this information in the parties' written contract.

On September 10, 2012, petitioner filed an action in the Magistrate Court of Fayette County for the "full amount" he paid respondent for his services and "other expenses" up to the monetary limit of the magistrate court's jurisdiction, $5,000.[2] On October 1, 2012, respondent

---

[1] Several accountings and a list of items sold at the auction are in the record. While petitioner disputes the veracity and completeness of these statements, the record also contains a copy of a check, marked "paid," where respondent remitted to petitioner the alleged net proceeds of the auction. The check is not entirely legible, but appears to be for $12,500, approximately.

[2] Earlier in the parties' dispute, petitioner filed a complaint against respondent with the West Virginia Department of Agriculture which licenses auctioneers in this State. Petitioner's

filed an answer denying petitioner's factual allegations. Following a bench trial, the magistrate court ruled in respondent's favor because (1) petitioner failed to prove his case; and (2) petitioner stated that he had no obligation to prove his damages. Petitioner appealed to the Circuit Court of Fayette County which similarly ruled in favor of respondent due to "[petitioner's] refusal to acknowledge and support his burden of proof" as to damages.[3] Petitioner now appeals the circuit court's April 9, 2013 order.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).[4] Rule 56(c) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that summary judgment shall be granted where "there is no genuine issue as to any material fact *and that the moving party is entitled to a judgment as a matter of law*." (Emphasis added). Furthermore, it is well-settled that a plaintiff has the duty of proving his damages. *See* Syl. Pt. 4, in part, *Sammons Bros. Const. Co. v. Elk Creek Coal Co.,* 135 W.Va. 656, 65 S.E.2d 94 (1951) ("In this jurisdiction[,] the burden of proving damages by a preponderance of the evidence rests upon the claimant.").

On appeal, petitioner asserts that it is impossible to place a value on each item of his property respondent sold at auction and impossible to recreate a complete list of items sold given that the items are no longer in his or respondent's possession. Respondent counters that minimal

---

appendix contains a letter of warning issued to respondent by the Department on August 6, 2012.

[3] The language of the circuit court's order indicates that the circuit court was reviewing the magistrate court's judgment. Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts provides that appeals of magistrate court orders following bench trials are heard *de novo* by the circuit court. However, petitioner does not argue that the circuit court erred in not conducting a *de novo* review. Therefore, this Court considers the issue waived. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). Furthermore, given petitioner's refusal to prove his damages, any error made by the circuit court would have been harmless.

[4] We construe the circuit court's order as granting respondent summary judgment pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure. We find that while the magistrate court's order and the circuit court's order both refer to the dismissal of petitioner's action, the orders are more in the nature of judgments as a matter of law due to petitioner's refusal to support his case. In *Beane v. Dailey*, 226 W.Va. 445, 447, 701 S.E.2d 848, 850 (2010), we noted that "[w]e are not bound by the label[s] employed below, and will treat [matters] made pursuant to the most appropriate rule." (Internal quotations and citations omitted.). The magistrate court's judgment is no longer relevant. *See* Syl. Pt. 2, *Elkins v. Michael,* 65 W.Va. 503, 64 S.E. 619 (1909) ("An appeal from a [magistrate court's] judgment vacates and annuls the judgment"). In the case at bar, because the circuit court ruled in respondent's favor in lieu of scheduling a trial de novo, we conclude that Rule 56(c) is the most appropriate rule under which to evaluate the circuit court's order.

discovery may have revealed the prices at which various items were sold and whether respondent or his staff purchased any of the items. Respondent states that petitioner never undertook any discovery in the four months between the filing of respondent's answer and the bench trial before the magistrate court. In his reply, petitioner agrees that obtaining records of what was sold and to whom would have revealed the total amount the auction yielded. Petitioner states that documentation provided by respondent demonstrates that respondent still "has not answered" questions regarding his conduct of the auction.

After careful review of the parties' arguments and the record, this Court finds that the circuit court correctly determined that petitioner refused to acknowledge that he had the duty of proving his damages. Because petitioner declined to accept that he had that burden, summary judgment was proper. *See* Syl. Pt. 4, *Painter*, 192 W.Va. at 756, 451 S.E.2d at 190 (summary judgment may be granted where the non-moving party fails to make a sufficient showing on a required element he had the burden to prove). Therefore, this Court concludes that the circuit court did not err in granting judgment in respondent's favor.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3