# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen Howell,**
**Defendant Below, Petitioner**

**vs)   No. 16-0106** (Berkeley County 15-C-AP-17)

**Charles Everhart,**
**Plaintiff Below, Respondent**

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen Howell, pro se, appeals two orders of the Circuit Court of Berkeley County. In the first order, entered on October 19, 2016, the circuit court awarded judgment in a wrongful occupation action to Respondent Charles Everhart on the ground that petitioner failed to appear for trial on October 19, 2016. In the second order, entered November 19, 2015, the circuit court denied petitioner's motion to set aside its October 19, 2016, order. Respondent, by counsel Eric S. Black, filed a summary response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner rented residential property located at 174 Orick Riner Lane, Martinsburg, West Virginia. On August 10, 2015, respondent, the property manager, provided petitioner a notice to terminate lease alleging that petitioner engaged in reckless driving, blocked other tenants with his vehicle, allowed his brother to live with him as an "unauthorized tenant," and failed to pay his cable bill.[1] The notice directed petitioner to surrender possession of the property. When petitioner

---

[1]Petitioner accuses respondent of being guilty of a misdemeanor pursuant to West Virginia Code § 30-40-22(a) on the ground that property managers are required to be licensed as real estate brokers. However, the circuit court properly ruled at a November 18, 2015, hearing that whether respondent is guilty of a misdemeanor is beyond the scope of the parties' civil matter. There is no (continued . . .)

1

refused to vacate the property, respondent filed an action alleging that petitioner was in wrongful occupation of residential rental property pursuant to West Virginia Code §§ 55-3A-1 through -3.[2]

By order entered on October 14, 2015, the circuit court notified the parties that trial would occur on October 19, 2015.[3] The circuit court directed that copies of its order be sent to the parties. Petitioner failed to appear for the October 19, 2015, trial. Accordingly, the circuit court awarded possession of 174 Orick Riner Lane to respondent based on petitioner's failure to appear.

On October 20, 2015, petitioner was evicted from the property. Petitioner then filed a motion to set aside the circuit court's October 19, 2015, order. The circuit court held a hearing on petitioner's motion on November 18, 2015. At the beginning of the hearing, the circuit court informed petitioner that the only issue being heard was whether its October 19, 2015, order should be set aside. Nevertheless, petitioner stated that there were monetary claims against respondent that he would like to pursue either in the instant action or a separate action that he would later file.[4] The circuit court ruled that petitioner could present his monetary claims in this case despite his failure to file a counterclaim.

However, the circuit court further ruled that, in order to present his claims, petitioner would have to show why he did not appear for the October 19, 2015, trial. Petitioner claimed that the United States Postal Service did not deliver the notice of the trial until October 20, 2015. The circuit court found that the notice was mailed on October 14, 2015, and asked petitioner if he had any evidence that the postal service failed to timely deliver the notice. Petitioner indicated that he had a copy of the envelope in which the notice was delivered. According to petitioner, the postmark showed that the notice was sent to Baltimore, Maryland, for sorting before returning to Martinsburg, West Virginia, for delivery. However, the transcript of the November 18, 2015, hearing reflects that petitioner never tendered the copy of the envelope to the circuit court so that it could inspect the postmark. Accordingly, by order entered on November 19, 2015, the circuit court

---

dispute that respondent is the agent of the property owner, who lives in North Carolina.

[2]Respondent filed his action in the Magistrate Court of Berkeley County, which awarded him possession of 174 Orick Riner Lane. Once petitioner appealed the magistrate court's September 18, 2015, judgment, that judgment was rendered a nullity because petitioner was entitled to a trial de novo in the circuit court pursuant to Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts and West Virginia Code § 50-5-12(b). *See* Syl. Pt. 2, *Elkins v. Michael*, 65 W.Va. 503, 64 S.E. 619 (1909) (holding that "[a]n appeal from a [magistrate court's] judgment vacates and annuls the judgment").

[3]West Virginia Code § 55-3A-1(b) requires that wrongful occupation cases be heard within ten days.

[4]Petitioner alleged that respondent owed him his security deposit in the amount of $600 and a $250 pro rata share of petitioner's October of 2015 rent payment, for a total of $850 in monetary damages.

found that petitioner failed to show that he had good cause for his failure to appear for the October 19, 2015, trial and denied his motion to set aside its October 19, 2015, order that awarded possession of 174 Orick Riner Lane to respondent.

Petitioner now appeals the circuit court's October 19, 2015, order awarding judgment to respondent and its November 19, 2015, order denying petitioner's motion to set aside the October 19, 2015, order. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

On appeal, petitioner does not seek to move back to 174 Orick Riner Lane. Moreover, West Virginia Code § 55-3A-3(g) significantly restricts a tenant's right to reclaim possession of the property. Therefore, with regard to the issue on which respondent filed this action, respondent argues that the circuit court's earlier order awarding him possession of the property should be upheld. We agree and affirm the circuit court's October 19, 2015, order.

With regard to the circuit court's November 19, 2015, order, petitioner contends that the circuit court should have ruled on his monetary claims. However, while the circuit court ruled that petitioner could present his claims despite the failure to file a counterclaim, the court qualified that ruling by requiring petitioner to first show why he did not have notice of the October 19, 2015, trial. Petitioner blamed the postal service for his failure to appear for trial. The circuit court found that the notice of the trial was mailed on October 14, 2015, and asked petitioner if he had any evidence that the postal service failed to timely deliver the notice. Although petitioner stated that he had such evidence, the transcript of the November 18, 2015, hearing reflects that he never tendered it to the circuit court to consider. Thus, we find no reason to disturb the circuit court's determination that petitioner failed to show that he had good cause for his failure to appear at the October 19, 2015, trial. *See State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (noting that deference is owed to trier of fact's weighing of evidence). Given the lack of good cause for petitioner's non-appearance, the circuit court properly adhered to its prior ruling and declined to consider petitioner's monetary claims.[5] Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion to set aside judgment.

For the foregoing reasons, we affirm both the circuit court's October 19, 2015, order awarding judgment to respondent and its November 19, 2015, order denying petitioner's motion to set aside the October 19, 2015, order.

Affirmed.

---

[5]We note that petitioner states that, if he is unsuccessful in this appeal, he will pursue his monetary claims by filing a separate action.

**ISSUED**:   March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker