## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM J. THORNTON,**
**Appellant Below, Petitioner**

**v.) No. 24-ICA-4**     (Cir. Ct. of Mercer Cnty. Case No. CC-28-2023-C-AP-9)

**SARA POORMAN,**
**Appellee Below, Respondent**

### MEMORANDUM DECISION

Petitioner William J. Thornton appeals from the December 19, 2023, order of the Circuit Court of Mercer County, denying his civil appeal from the Magistrate Court of Mercer County and granting Respondent Sara Poorman's counterclaim for damages. Ms. Poorman filed a summary response in support of the circuit court's order.[1] Mr. Thornton filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Based upon the sparse record in this case, we can only offer a nominal recitation of the facts. This case began when Mr. Thornton filed a complaint against Ms. Poorman in the Magistrate Court of Mercer County on June 22, 2023, seeking to subpoena certain records he believed to be in her possession. Through counsel, Ms. Poorman filed an answer, denying the complaint and asserting a counterclaim for damages, alleging that Mr. Thornton's complaint was frivolous. She also filed a motion to seal documents and for sanctions against Mr. Thornton because his pleadings allegedly included confidential information from a prior unrelated case involving the parties.

By Civil Judgment Order entered on September 12, 2023, the magistrate court dismissed Mr. Thornton's complaint and awarded Ms. Poorman $750.00 in damages plus interest. The magistrate did not issue a ruling on Ms. Poorman's motion to seal. Mr. Thornton appealed this decision to circuit court. The circuit court held a status conference on October 10, 2023, to set the matter for trial and ascertain the nature of Mr. Thornton's

---

[1] Mr. Thornton is self-represented. Ms. Poorman is represented by John W. Feuchtenberger, Esq.

claims for trial. Thereafter, Mr. Thornton filed a seventeen-page "Outline" with the circuit court, which purported to be an amended appeal from the magistrate court's ruling. In response, Ms. Poorman filed an amended answer and an amended counterclaim.

The circuit court conducted a de novo bench trial on November 6, 2023, and thereafter dismissed Mr. Thornton's appeal. Ms. Poorman filed a post-trial motion seeking to recover the lost wages and attorney's fees she incurred because of the litigation. The only record this Court has of the bench trial is the findings of fact and conclusions of law contained in the circuit court's December 19, 2023, order. According to the order, the circuit court found that Mr. Thornton had failed to show that he was entitled to relief. The order also granted Ms. Poorman's motion for lost wages and attorney's fees, awarding her the aggregate sum of $1,687.70. The order did not address the motion to seal that Ms. Poorman previously filed in magistrate court. It is from the December 19, 2023, order that Mr. Thornton now appeals.

In this appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Mr. Thornton's lone assignment of error is that there was no ruling below on Ms. Poorman's motion to seal. To the extent Mr. Thornton alleges error in the magistrate court's disposition of the motion to seal, this assignment of error is beyond the scope of this Court's review. As the Supreme Court of Appeals of West Virginia has recognized, "[a]n appeal from a [magistrate court's] judgment vacates and annuls the judgment." *Smith v. Reel*, No. 17-0706, 2019 WL 2323743, at *2 (W. Va. May 31, 2019) (memorandum decision) (quoting Syl. Pt. 2, *Elkins v. Michael*, 65 W. Va. 503, 64 S.E. 619 (1909)); *see also Good v. Bank of New York, Mellon*, No. 12-1398, 2014 WL 274483, at *2 n.4 (W. Va. Jan. 24, 2014) (memorandum decision) (recognizing that "the magistrate court's judgment was no longer relevant once petitioners appealed to the circuit court"). Moreover, there is nothing within the record from the circuit court proceedings, such as a transcript or other relevant documentation to offer this Court insight as to whether this issue was substantively addressed by the circuit court or otherwise preserved for appeal. *See* W. Va. R. App. P. (7)(d) (setting forth the documents a petitioner must include in an appendix record, including "material excerpts from official transcripts").

Given the limited record before us, our appellate review is confined to the four corners of the circuit court's December 19, 2023, order. However, on appeal, Mr. Thornton has the burden of affirmatively showing error in the circuit court's judgment. *See* Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *see also* Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997) (an appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record."). Critically, Mr. Thornton does not raise any assignment of error related to the order's findings of facts or conclusions of law. Therefore, we cannot conclude that the circuit court's ultimate disposition is an abuse of discretion or that its factual findings are clearly erroneous.

Accordingly, we affirm.

Affirmed.

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear